## GEORGE W. OUTCALT v. WILLIAM M. COLLIER.

(Filed Aug. 24, 1899.)

1. PROMISSORY NOTES — *Joint Obligations* — *Statutes.* The common-law rule governing the enforcement of joint obligations, and making a judgment against one or more joint makers. of a promissory note a bar to further proceedings against the other jo'nt makers, has been so far modified by our statute as that obligations appearing to be joint will be presumed to be joint and severai until such presumption is in some manner overcome; and, unless such presumption is overcome. an⁻ one or more of the joint makers of a promissory note may be proceeded against severally, without prejudice to the rights of hclder against other makers. ·

2. SAME—*Common-Law Rule Modified—Presumptions.* The statutory provision that, "where a'l the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several." when considered together with other sections of our statute relating to same subject-matter, must be held to modify the common law rule for construing obligations that appear to be joint to the extent that courts will presume them to be joint and several, unless that presumption is overcome by evidence, or the terms of the obligation itself exclude such presumption. When this presumption is overcome, then the obligation must be controlled by the rules of the common-law governing joint obligations.

3. JUDGMENT BY CONSENT OF A JOINT DEBTOR—*Same Set Aside—Error.* Where one of several joint debtors on a note consents to a judgment against all without a trial, and on motion the court sets aside the judgment as to a portion of the defendants who did not authorize such consent, it is error not to set the judgment aside as to all of the defendants.

4. APPEAL—*Necessary Parties.* Where a judgment is rendered against one of several defendants jointly and severally liable on a promissory note, and no action taken as to the. other defendants, but the cause left standing on the docket as to them, and the defendant against whom judgment is rendered appeals, the remaining defendants are not necessary parties to the appeal.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before James R. Keaton, District Judge.*

*William P. Harper,* for plaintiff in error.

*J. H. Beatty,* for defendant in error.

Action by William M. Collier against E. Taylor and others on a promissory note. There was a judgment for plaintiff, and from an order overruling a motion to set aside the judgment as to him, George W. Outcalt brings error. Reversed.

### STATEMENT OF THE CASE.

This cause was dismissed at the June term, 1898, for the reason, as stated in the opinion by Dale, C. J., that the plaintiff in error had failed to make his co-defendants parties to the appeal. (6 Okla. 615.) A rehearing was ordered, and it is now contended that the co-defendants of the plaintiff in error are not necessary parties to this appeal. In the former opinion it was said: "Where an appeal is taken to modify or reverse the judgment of a district court, and the records show that a modification or reversal of the judgment will injuriously affect numerous parties who were co-defendants in the court below and it does not appear that such co-defendants are made parties to the appellate proceedings, the appeal should be dismissed." The correctness of this proposition is not questioned, but it is contended that it was improperly applied to the facts shown by the record. William Collier, the defendant in error, brought an action in the probate court of Oklahoma county against E. Taylor, George W. Outcalt, H. E. Athey, J. S. Muzzy, William S.

Carrell, and S. K. Hawkins to recover judgment on a promissory note, which note reads as follows:

"OKLAHOMA CITY, O. T., Nov. 24, 1895.

"For value received, one year after date, we promise to pay to the order of William M. Collier, at Choctaw City, O. T., three hundred dollars, with interest from date at 12 per cent. per annum, unless paid at maturity, and an attorney's fee of 10 per cent, in case of legal proceedings to collect this note; notice of extension, non-payment, and protest waived by all signers and endorsers of this note.

"Due Nov. 24, 1896.          E. TAYLOR,
" —— Post Office.          . GEORGE W. OUTCALT.
"No. ——          H. E. ATHEY.
          "J. S. MUZZY.
          "WILLIAM S. CARRELL.
          "S. K. HAWKINS."

The defendants filed an answer setting up failure of consideration. Judgment was rendered in the probate court in favor of Collier against all the defendants. Appeal was taken to the district court, and when the case was there called for trial, all the defendants except Outcalt were absent. There were some negotiations between counsel for the adverse parties, looking to a compromise and settlement of the matters in controversy. It was finally agreed between Outcalt, acting for the defendants, and counsel for the plaintiff, that judgment should be entered against all of the defendants and in favor of the plaintiff for the sum of $333.25, and that, if $167 should be paid on the judgment within six days, no execution should issue for balance until after the expiration of 120 days. A formal journal entry was prepared, embodying the agreement, which was signed by counsel for the adverse parties, approved by the court,

and entered of record. There was no evidence heard or trial of the cause. The court rendered judgment as per the agreement of counsel, as set forth in the journal entry submitted for his approval. Afterwards all the defendants joined in a motion to set aside and vacate the judgment for the reasons alleged in the motion, viz. that Outcalt had no authority from his co-defendants to consent to a judgment against them, and that the attorney for the defendants had no authority to agree to the judgment against the defendants other than Outcalt. On the trial of this motion the court set aside the judgment as to all of the defendants except Outcalt, and reaffirmed the judgment as to him. From the order overruling the motion as to him, Outcalt appeals to this court, and makes Collier defendant in error, but does not make any of his co-defendants parties to the appeal.

Opinion of the court by

BURFORD, C. J.: The first question presented is, are the other defendants below necessary parties to the appeal? The general rules for determining this question may be stated thus: (1) All persons who are parties to the proceedings in the trial court, and whose interests will be adversely affected by a reversal of the judgment, must be brought into the appellate proceeding. (2) If the interests of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of, without a reopening of the case as to other parties as to whose interests the judgment has become final by the failure to appeal, the appeal will be dismissed. (*Board v. Harvey*, 5 Okla. 465, 49 Pac. 1006.)

Testing the case under consideration by these rules, should the appeal be dismissed? The order vacating the judgment of the district court as against the co-defendants of Outcalt, and granting them a new trial, has become final as to all parties. No appeal was taken from the judgment in their favor; hence they stand as if no such judgment had ever been rendered, unless the judgment against their joint obligor, Outcalt, has the effect to 'discharge them from further liability on the note. If the judgment against Outcalt has the legal effect to discharge the other joint obligors, then this appeal should be dismissed, for a reversal of the judgment as to Outcalt would not restore Collier to his rights as against all the defendants, but would leave him to prosecute his suit against Outcalt alone; and, before Outcalt would be entitled to a reversal, he would be required to bring his co-defendants into the appellate proceedings, in order that Collier might proceed against them by cross-petition in error, if he so desired. But if Collier still has his right of action against these other defendants in the court below, then his interests cannot be injuriously affected by a reversal as to Outcalt. He will be in the same position he was before any judgment was rendered, and cannot complain of a reversal or modification of the judgment against Outcalt. Hence it becomes necessary to determine the effect of the judgment appealed from.

Construed by the rules of common law, the note sued on is a joint obligation, and not a joint and several one. (Tied. Com. Paper, sec. 13; Rand. Com. Paper, sec. 149; *Mason v. Eldred,* 6 Wall. 238.)

A judgment against one joint maker will discharge the others. (Rand. Com. Paper, sec. 1830.)

In Daniel, Neg. Inst., sec. 1296, the rule is stated as follows: "A judgment against one or two joint promisors is a bar to an action against both jointly, and is also a bar to an action against the other one. The joint parties cannot be sued separately, for they have incurred no separate obligation, and they cannot be sued jointly, because judgment has already been recovered against one who would be subjected to two suits for the same cause; but, when the liability is joint and several, a judgment against one does not preclude procedure against the other or others, though, after judgment against one, all cannot be sued jointly." (*Mason v. Eldred*, 6 Wall. 231; *Odell v. Carpenter*, 71 Ind. 463; *Candee v. Smith*, 93 N. Y. 349.)

The foregoing authorities establish the common-law rule, and such rule must control in this case, unless modified or abrogated by statute. Nearly all of the states have now statutes abrogating the distinction between joint and several obligations, and giving the holders of joint obligations the right to proceed against the joint obligors the same as if they were severally liable. Does our statute change the common-law rule? The following sections of the Statutes of 1893 refer to and bear upon the subject under investigation. Section 3389: "A promissory note is an instrument negotiable in form, whereby the signer promises to pay a specified sum of money." Section 3283: "A negotiable instrument is a written promise or request for the payment of a certain sum of money to order or bearer." Section 851: "Where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is supposed to be joint and several." Section 3297: "The signature of every drawer,

acceptor, and indorser of a negotiable instrument is presumed to have been made for a valuable consideration, before the maturity of the instrument, and in the ordinary course of business." Section 3911: "Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff." Section 3957: "Where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: First. If the action be against defendants jointly indebted upon contract, he may proceed against the defendants served, unless the court otherwise direct, and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served. Second. If the action be against defendants severally liable, he may, without prejudice to his rights against those not served, proceed against the defendants served in the same manner as if they were the only defendants." Section 3958: "Nothing in this Code shall be so construed as to make a judgment against one or more defendants jointly or severally liable, a bar to another action against those not served." Section 4287: "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper." * * Section 2693 abrogates the rule of the common law that statutes in derogation thereof are to be strictly construed, and requires all statutes to

be liberally construed, with a view to effect their objects, and to promote justice.

We are of the opinion that the above-quoted sections of our statutes, considered together, modify the common-law rule for construing obligations that appear to be joint to the extent that courts must presume them to be joint and several unless that presumption is overcome by evidence, or by some wording of the contract itself, which will exclude such presumption. When this presumption is once overcome, then the contract must be subjected to the rules governing joint contracts at common law. This construction is in harmony with the rule in the states having codes and statutory provisions similar to ours, and, we believe, carries into effect the intent and purpose of our lawmakers. If we are correct in this conclusion, it then follows that Collier, the defendant in error, cannot be injuriously affected by the reversal of the judgment against Outcalt, for, still having his right to proceed against the other defendants, he will lose no right, as against them, by a change in his relation to Outcalt.

Will the defendants not brought in by appeal be adversely affected by a reversal as to Outcalt? We think not. As joint makers of the note, the presumption is that the consideration passed to all alike, and until this presumption is overcome they are held severally liable on the note, under the provisions of section 851, *supra*, and the judgment against Outcalt does not discharge them from liability, but they may be proceeded against as if no judgment had been rendered against him. The fact that he may also be allowed to defend cannot injur-

iously affect any right of defense they may have. This is not an action between the joint obligors to determine their several rights as between each other, but to determine the question of their liability to the holder of the note; and as all may be proceeded against either jointly or severally, and as a several judgment against any one or more will not discharge the others, and inasmuch as the cause is still pending, with all rights preserved against the defendants not parties to the appeal, we think the cause is properly here for our determination, and should not be dismissed.

This brings us to the consideration of the case upon its merits. The record shows that the judgment was rendered upon an agreement entered into between the plaintiff and one of the defendants, by which a judgment was to be entered against all the defendants. Outcalt made this agreement, and afterwards paid the sum of money provided in the agreement. But it was an agreement entered into for all the defendants. The court, on a motion and a hearing, set the judgment aside as to all the defendants but Outcalt, and held him to the terms of the judgment. Neither party appealed from the order setting aside the judgment, and that order has become final. Was it error to set aside a judgment obtained in this manner as to some of the parties to the agreement and not to all? The agreement was that a judgment could be entered against six persons. There was no consent given to a judgment against one. If the agreement was insufficient to support a judgment against the six persons, then it would not support a judgment as to one. It was not a judgment by confession, as provided by our statute. Nor was it a judgment rendered upon a hearing of evidence and trial. It

was a 'judgment by consent of defendants. This consent was based upon an agreement made with plaintiff by Outcalt for all the six makers of the note. If it was unauthorized as to them, it should not be held to bind him. It would be manifestly unfair and unjust to bind Outcalt by a judgment against him alone. which was consented to on an understanding that all his co-defendants were to be bound with him. No court should lend its aid to a proceeding to bind a person by a judgment consented to under a mistake of fact. The application to vacate was a joint application of all the defendants, and should either have been sustained as a whole or overruled as a whole. (*Frazier v. Williams*, 24 Ohio St. 625; *Chapin v. Thompson*, 20 Cal. 681; *Jaffray v. Wolf*, 1 Okla. 312, 33 Pac. 945; *Railway Co. v. McCarty*, 8 Kan. 125.)

The order of court overruling the motion to vacate as to Outcalt is reversed, and set aside, and cause remanded to the district court, with directions to sustain the motion to set aside the judgment as to Outcalt and grant a new trial.

All of the Justices concurring.