## Lewis Humphrey *et al.* v. Maggie Hunt.

(Filed Nov. 7, 1899.)

PRACTICE—*Appeal—Who are Necessary Parties.* Where one B. and others were sued jointly for damages, and upon the trial judgment was rendered in favor of the defendant B. and against the plaintiff, but in favor of plaintiff and against all of the other defendants, and all of the defendants against whom judgment was rendered prepared a case-made and served it upon the plaintiff, and perfected their appeal to this court, but failed to serve the case-made upon the defendant B., and the plaintiff filed a motion to dismiss the appeal for the reason that all of the necessary parties are not made parties to the appeal; *held,* that B. is a necessary party and should have been served with the case-made and with the summons in error. B. was a party to a joint judgment and is, therefore, a necessary party to the appeal. One whose rights may be affected by a reversal or modification of a judgment appealed from is a necessary party in the appellate court.

(Syllabus by the Court.)

*Appeal from the District Court of Grant County; before Jno. L. McAtee, District Judge.*

*J. C. Robberts* and *George Robberts,* for appellants.

*John I. Dille, L. M. Lane* and *John H. Burford,* for appellee.

Opinion of the court by

BURWELL, J.:   This action was commenced in the district court of Kingfisher county by Maggie Hunt against Lewis Humphrey, Grant Humphrey, Joseph C. Post, Lewis Wolf, E. A. Davis, J. W. Watkins, Joseph H.

Lowry, C. P. Blakely and Fred Belt, for $10,000.00 damages for the death of her husband, which plaintiff alleges was caused by the falling of a defective cotton gin building upon her husband, while the deceased was in the employ of the above named defendants.

A change of venue was granted and the cause removed to Grant county, where a trial by jury was had which resulted in a verdict and judgment for plaintiff for $2,100 against Lewis Humphrey, Grant Humphrey, Lewis Wolf, E. A. Davis, J. W. Watkins, Joseph H. Lowry and C. P. Blakely, and a verdict and judgment in favor of Fred Belt, and against plaintiff. No verdict was rendered either for or against J. C. Post. The defendants, against whom the judgment was rendered, appealed therefrom to this court. The plaintiff, Maggie Hunt, was the only party served with the case-made, and she has filed a motion to dismiss the appeal for the reason that all of the parties who would be affected by a reversal of the judgment were not served with the case-made, and are not made parties to the appeal.

It is clear that Belt might be affected by a reversal of the judgment by which he was discharged from all liability to the plaintiff, and, if it should be vacated and set aside and a new trial granted, he would have to defend in another trial and take the chances of a verdict being rendered against him. If he had been made a party, he could urge any reason he may have why the judgment should stand; but, from this record, the law presumes that he has no knowledge of the pendency of this appeal, and he cannot, therefore, be expencted to enter an appearance.

In the case of *Gillett et al. v. Murphy et al.*, 7 Okla. p. 91; .54 Pac. p. 413, it was held, by implication, that if a party can, by a reversal or modification of the judgment appealed from, be, in any way, affected, he is a necessary party. This view is also supported by the following cases: *Horton v. Wood*, 40 Pac. (Kan.) 911; *Bain v. Conn. Mut. Ins. Co.*, 40 Pac. (Kans.) 817; *Denebiem et al. v. Wingate-Stone-Wells Mercantile Co*, 51 Pac. (Kans.) 909; *Hyde Park Ins. Co. v. First Nat. Bank of Atchison*, 42 Pac. (Kan.) 321; *Casey v. Oakes et al.*, 42 Pac. (Wash.) 621; *McPhearson v. Storch et al.*, 30 Pac. (Kan.) 480; *Jackson County v. Bloomer*, 41 Pac. (Oregon) 930; *McNeal v. Gossard Ins. Co. et al.*, 54 Pac. (Kan.) 1040; *Eaton et al. v. Mendenhall*, 44 Pac. (Kan.) 683; *Bullock v. Taylor et al.*, 44 Pac.(Cal.) 457.

It might be argued that, inasmuch as Mrs. Hunt failed to appeal from the judgment in favor of Belt, that it became final as to him. This, however, cannot be true. The plaintiff submitted the entire matter to the jury and, while she failed to recover a judgment against all of the parties whom she sued, she was satisfied with it because she failed to appeal. But the judgment was a joint judgment, and all of the parties affected thereby must be made parties and given an opportunity to be heard, or the judgment will not be disturbed.

The case of *Outcalt v. Collier*, on rehearing, 8 Okla. 473, from a casual reading, would seem to be in conflict with the views herein expressed, but that case is distinguishable from the one under consideration. In that case Outcalt, for himself and other defendants, by agreement with them, confessed judgment for a certain amount against himself and them jointly. Subsequently the other defendants came in and had the judgment va-

cated as to them, but the court refused to vacate it as to Outcalt. From the order refusing to vacate the judgment as to Outcalt, he appealed to this court, and served no one but the plaintiff. The court held that the judgment being a joint one and having been vacated as to all of the other defendants, Outcalt was entitled to be relieved of the burdens of the same; that the judgment was a joint judgment and not joint and several, and that the court could not enforce it against Outcalt and discharge the other judgment debtors, and that, under the circumstances of that case, they were not necessary parties.

In this case all of the necessary parties are not before this court.

For the reasons herein stated the appeal is hereby dismissed, at the cost of the appellant, and the case remanded to the lower court, with direction that the judgment rendered by the district court be carried into execution.

McAtee, J., having presided in the court below, and Burford, C. J., having been of counsel, not sitting; all of the other Justices concurring.