## JOHN WEDD v. TOLBERT GATES, *et al.*

(Filed September 6, 1905.)

1. APPEAL SHOULD BE DISMISSED, WHEN—Parties. Under section 4452 of the Statutes of Oklahoma of 1893, which provides that: "No proceeding for reversing, vacating or modifying judgments of final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of." etc., every necessary party to the appeal must either make a general appearance within the year following the rendition of the judgment or entering of the final order appealed from, or summons must issue within such time and service thereof be had upon the defendants in error. Otherwise no appeal can be had

2. SAME—Statute of Limitations. By the terms of section 3892 of the Statutes of Oklahoma of 1893, an action is deemed to be commenced as to each defendant, at the date of the summons which is served on him; and where a plaintiff in error causes summons to issue on the last day within the year following the date of the final judgment appealed from, but fails to serve it on one of the necessary defendants in error, and also fails to secure service on him within sixty days after the issuance of the first summons (as provided in the same section) the appeal should be dismissed on the ground of defect of parties.

3. SAME—Jurisdiction Not Conferred by Agreement. Where a party fails to commence an action in the supreme court to reverse, vacate or modify an order or judgment of the district court within one year after such judgment or order was made, the supreme court has no power to review such order or judgment, and jurisdiction to do so cannot be conferred by the agreement of the parties, or by the general appearance of the defendant in error after the expiration of such time.

1. APPEAL—Necessary Parties. One whose rights may be affected by a reversal or modification of a judgment appealed from, is a necessary party in the appellate court.

(Syllabus by the Court.)

*Error from the District Court of Pawnee County; before Bayard T. Hainer, Trial Judge.*

*McGuire & Clark*, and *Dale & Bierer*, for plaintiff in error.

*A. J. Biddison*, and *W. L. Eagleton*, for defendant in error.

Opinion of the court by

BURWELL, J.: This action was commenced in the district court of Pawnee county by Tolbert Gates against the appellant, John Wedd, and the other defendants in error, alleging that the defendants had driven certain cattle across the quarantine line, and that they were at the time infected with Texas fever, which was communicated to the cattle of the plaintiff, from the effects of which they sickened and died, to the damage of the plaintiff in the sum of twelve hundred, thirty seven and 50|100 dollars.

Gates then filed an amended petition, in which he sought to recover against Wedd alone, and the other defendants, who also had cattle in the pasture in which Gates' cattle and the Wedd cattle had been kept. Then each filed his answer and cross petition, and alleged that his cattle had also caught the fever from Wedd's cattle, and prayed for affirmative relief against him. Wedd filed his answer, and in due time a trial was had in which Gates, Adams, Sousley, and Eagleton each recovered judgment against Wedd; and the court decreed that these judgments be a lien against the cattle belonging to Wedd, which it was claimed had communicated this disease to the cattle of the other parties, and that such lien be concurrent and co-ordinate, and that the cattle be sold to satisfy the same. In this judgment and decree the trial

court was seeking to give force to the provisions of the quarantine act of 1897. This judgment was entered on April 20th, 1903. The case made was prepared, properly served on the attorneys for all of the other parties, settled by the trial judge, and filed in this court on April 20th, 1904, just one year after the rendition of the judgment. Summons in error was issued and service had as to all of the adverse parties, except Adams, and the return of the officer showed that he could not be found in the county. On January 3rd, 1904, Adams moved to dismiss the appeal because it had not been taken, as to him, within one year (the time allowed by the statutes in which an appeal may be taken) The other defendants moved to dismiss the appeal for failure to file briefs in time, and also because of defect of parties, (Adams not having been served). On August 29th, 1904, Adams and all of the other parties entered into the following agreement:

### "STIPULATION.

"It is hereby stipulated and agreed to by and between the plaintiff in error and the various defendants in error, above named, that the defendants in error and each of them, may file their respective briefs in this cause on or before the 19th day of September, 1904, with like effect as if filed within time, and each of said parties waives objections to the delay in filing such briefs.

"A. J. BIDDISON,
"Attorney for Tolbert Gates.

"W. L. EAGLETON,

"Attorney for John Sousley, Harve Adams and W. L. Eagleton.

"McGUIRE, & CLARK,
"Attorneys for plaintiff in error."

It is contended by the appellant that the above stipulation and the filing of the motion of Adams to dismiss the appeal, constituted a general appearance for all purposes, and cured the failure to serve him with a summons in error within the year. We cannot agree with this position. The statute fixes the time in which a party may appeal from a final order or judgment of a court of record. After that time expires, if no appeal has been taken in conformity with the statutes, the judgment of the lower court becomes final, and the appellate court has no power thereafter to review such judgment, even if all the parties expressly agree that it may do so. And the appeal must be taken as to all of the necessary parties within the prescribed time. The rule here announced has been so thoroughly established by the appellate court that it can no longer be said that there is a division of authorities in relation to it. (*Stevens v. Clark,* 62 Fed. Rep. 321: *Penny v. Nez Perces County,* [Idaho] 43 Pac. 570; *St. Louis & S. F. Ry. Co. v. Rierson* [Kans.] 16 Pac. 443.)

In the case of *Barber Asphalt Co., et al. v. Botsford, et al,* (Kans.) 31 Pac. 1106, Mr. Justice Johnson, whose ability and long experience upon the bench, entitled his opinions to great weight, stated the rule as follows:

"All parties to be affected by the proceedings in error must not only be brought before the court, but all must be brought in by actual or constructive notice, before the expiration of the year within which actions may be brought to the supreme court. A proceeding in error must be commenced within one year after the rendition of the judgment or the making of the order complained of, except where the person entitled to the proceeding is under disability."

It was said by the supreme court of the United States in the case of *Kelsey, et al v. Forsyth.* 21 How. (62 U. S.)

85 that " the agreement of parties cannot authorize this court to revise a judgment of an inferior court in any other mode of proceeding than that which the law prescribes." And in the case of *Ballance v. Forsyth et al,* 21 How. (62 U. S.) 389, the same court said that, "the court again decides the consent of parties cannot give jurisdiction to this court where the law does not give it."

The supreme court of Washington, after announcing the rule as stated in this opinion in the case of *Stark v. Jenkins,* 1 Wash. T. 421, said that the limitation of the time of appeal "is in the interest of the commonwealth, that there be an end of litigation, and is mandatory on the courts." This language was quoted with approval by the same court in the case of *Cogswell, et al v. Hogan, et al* (Wash.) 23 Pac. 835.

It only remains to be determined as to whether Adams is a necessary party to the appeal. It must be conceded that he is. His judgment, as well as the judgment of the other parties, was made a lien on the cattle of Wedd. They were ordered sold, and he and other parties were to receive their *pro rata* shares of the proceeds of the sale, not in excess of the amount of their judgments. If the case were reversed and the other parties should recover larger judgments, then Adam's *pro rata* share of the proceeds would be reduced to his loss. One whose rights might be affected by a reversal or modification of a judgment appealed from, is a necessary party in the appellate court. Adams, not having been served in time, there was a defect of parties. (*Humphrey, et al v. Hunt,* 9 Okla. 196.)

For the reasons stated, the appeal is hereby dismissed at the cost of appellant.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.