BOARD OF COM'RS. OF KINGFISHER COUNTY *et al.* v. LEMLEY.

No. 554.    Opinion Filed February 23, 1909.

(101 Pac. 109.)

APPEAL AND ERROR—Dismissal—Defect of Parties. ' If the interests of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of, without a reopening of the case as to other parties as to whose interests the judgment has become final by the failure to appeal, the appeal will be dismissed.

(Syllabus by the Court.)

*Error from Kingfisher County Court.*

Action by Pauline Lemley against the Board of County Commissioners of Kingfisher County and Kingfisher County.    Judgment for plaintiff, and defendants bring error.    Dismissed.

*M. W. Hinch,* for plaintiffs in error.
*John Bradley, Jr.,* for defendant in error.

KANE, C. J.    This action was commenced below by the defendant in error as plaintiff, against the plaintiffs in error, the board of county commissioners of Kingfisher county, Okla., and Kingfisher county, Okla., and about 40 or 50 private persons as defendants, for the purpose of recovering the sum of $104, alleged to be due her for services as stenographer in taking and transcribing the evidence in a liquor license case.    The petition alleged, in substance, that on the 10th day of July, 1907, the board of county commissioners of Kingfisher county met in special session for the purpose of hearing the petition of E. G. Cash for a liquor license, and the remonstrances against said petition; that on the said day the petitioner and remonstrators filed their bond for costs in said matter, and after filing said bond, it was stipulated and agreed by the petitioner and remonstrators, and ordered by the board of county commissioners, that Pauline Lemley, the defendant in error, be employed to take down the evidence and pro-

ceedings in shorthand, and afterwards transcribe the same; that the board of county commissioners proceeded to hear the evidence of the petitioner, and the evidence of the remonstrators, against the petitioner; that all of said evidence and proceedings were taken down in shorthand by said Pauline Lemley, and by her transcribed into longhand, and that said services for so doing were reasonably worth $104; that on the 8th day of November, 1907, said transcript was received and filed by the county clerk of said county, and since said date has been in his possession; that said judgment of the board of county commissioners in the liquor license case was affirmed by the district court of Kingfisher county and the Supreme Court of the territory of Oklahoma, and is now final; that the services of taking the proceedings and evidence in such manner in shorthand and transcribing same into longhand were rendered by the plaintiff for the petitioner, the remonstrators, the county clerk, the board of county commissioners, and the county of Kingfisher; that the county of Kingfisher, the remonstrators and their bondsmen, the petitioner and his bondsmen, the county commissioners of Kingfisher county, and the county clerk are jointly and severally indebted to the plaintiff for said services; that she has repeatedly demanded said sum from the defendants, and each of them, and that they have always failed, neglected, and refused to pay the said sum, or any part thereof. The private persons made defendants below were the petitioner and his bondsmen and the remonstrators and their bondsmen.

All the defendants entered their appearance in the cause, and filed demurrers to the plaintiff's petition. A hearing was had upon the demurrers, and the county court, after hearing the same, overruled the demurrers of the county of Kingfisher and the board of county commissioners, and sustained the demurrers of all the other parties, and entered judgment in favor of plaintiff and against the parties, whose demurrers were overruled. From that judgment the county of Kingfisher and the board of county commissioners have appealed to this court, without making the balance of the defendants either plaintiffs in error or defendants in error.

The defendant in error now moves the court to dismiss the appeal and proceedings in error, for the reasons, first, that all parties to this action in the county court who were affected by the judgment of said county court, complained of by the plaintiffs in error in their petition in error in this court, and who may be affected by a reversal of this judgment, are not parties defendant in error, or plaintiffs in error in this cause; second, that the following named persons (naming all of the defendants, whose names were omitted) were defendants below in this cause, and were released from liability to plaintiff by the judgment of the county court complained of by the plaintiffs in error.

We believe the motion to dismiss should be sustained. It has been held by this court in at least three cases (*Humphrey v. Hunt,* 9 Okla. 196, 59 Pac. 971, *Wedd v. Gates et al.,* 15 Okla. 602, 82 Pac. 808, and *Strange v. Crismon,* 22 Okla. 841, 98 Pac. 937), that:

"Every necessary party to an appeal must either make a general appearance within the year following the rendition of the judgment or the entering of the final order appealed from, or summons must issue within such time, and service thereof be had upon the defendant in error; and, when not so done, the appeal will be dismissed."

This cause falls within the rule laid down in the foregoing cases. But there is another reason not stated in those cases why, to our mind, the appeal should be dismissed. All of the defendants below should have been made parties in this court, in order that the plaintiff might have an opportunity to file her cross-petition in error, and assign for review by this court the action of the county court in sustaining the demurrers of said remonstrators and bondsmen. A cross-petition in error may always be filed by the defendant in error against the plaintiff in error or other defendants in error. *Feder et al v. Field et al.,* 117 Ind. 386, 20 N. E. 129; *Caperton v. Wanslow,* 18 Tex. 125; 2 Cyc. 1010. The object of this rule is to avoid a multiplicity of suits and confusion in appellate courts. If the plaintiffs in error should prevail in this court, it must be on the theory that the omitted parties were the ones liable to the plaintiff for her services. This would leave her ab-

solutely without remedy. Mr. Chief Justice Burford, in *Outcalt r. Collier*, 8 Okla. 473, 58 Pac. 642, states one of the rules in relation to parties to be:

"If the interest of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of, without reopening of the case as to other parties as to whose interests the judgment has become final by the failure to appeal, the appeal will be dismissed."

The appeal is dismissed, without prejudice, at the cost of the plaintiffs in error.

All the Justices concur.