CONTINENTAL GIN CO. v. HUFF *et al.*

No. 1126.    Opinion Filed March 8, 1910.

(108 Pac. 369.)

1.    **APPEAL AND ERROR**—Defect of Parties—Dismissal. If the interests of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the final order complained of, without a reopening of the case as to the other parties as to whose interest the order has become final by a failure to appeal, the appeal will be dismissed.

2.    **SAME**—Case. Where, in an action against all of the makers jointly and not severally liable on a promissory note, a joint

demurrer of all the defendants to plaintiff's petition is sustained, and an appeal therefrom is taken, but only one of the defendants is made a party thereto, the appeal will be dismissed, for the reason that the remaining defendants are necessary parties to the appeal.

(Syllabus by the Court.)

*Error from Murray County Court; Harry W. Fielding, Judge.*

Action by the Continental Gin Company against G. W. Huff and others. A demurrer to the petition was sustained, and plaintiff brings error. Dismissed.

*B. H. Epperson,* for plaintiff in error.

*Hill & Latimer,* for defendants in error.

HAYES, J. This is an action by plaintiff in error on a promissory note against G. W. Huff, J. A. Dean, G. W. Kerbo, J. A. Smith, Jess Luster, W. H. Moore, and T. M. Lattimore as joint makers thereof. This proceeding in error is taken from and to review an order of the trial court sustaining a general demurrer of defendants to plaintiff's petition. A motion to dismiss this proceeding in error has been filed by defendant T. M. Lattimore, in which a dismissal of this proceeding is urged upon several grounds. It will be unnecessary to notice all of them, since for the reasons hereinafter mentioned the cause must be dismissed. Defendant T. M. Lattimore, within one year after the entry of the order appealed from, by his attorneys, waived the issuance of summons in error and service thereof, and entered his appearance, but no summons in error has ever been issued or served upon the other defendants in error, nor has any appearance been entered by them, and more than one year has now elapsed since the entry of the order appealed from.

The first question presented is: Are the defendants below who have not been served or entered their appearance here necessary parties to the appeal? Mr. Chief Justice Burford in *Outcalt v. Collier,* 8 Okla. 473, 58 Pac. 642, states the general rules for determining this question in the following language:

"(1) All persons who are parties to the proceedings in the

trial court, and whose interests will be adversely affected by a reversal of the judgment, must be brought into the appellate proceeding. (2) If the interests of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of, without a reopening of the case as to other parties as to whose interests the judgment has become final by the failure to appeal, the appeal will be dismissed."

This statement of the general rules applicable to the determination of necessary parties to an appeal has been several times approved and followed by this court. *Strange v. Crismon,* 22 Okla. 841, 98 Pac. 937; *Board of Commissioners et al. v. Lemley,* 23 Okla. 306, 101 Pac. 109; *Weisbender et al. v. School District,* 24 Okla. 175, 103 Pac. 639. Testing the case at bar by these rules, should the appeal be dismissed? The order sustaining the demurrer has become final as to those defendants who have not been made parties to this appeal, for the reason that the time within which to perfect an appeal therefrom has expired. No proceeding for reversing, vacating, or modifying a final order shall be commenced unless within one year after the making of the final order complained of. Section 6082, Comp. Laws Okla. 1909. An order sustaining a demurrer is a final order within the meaning of this section of the statute. When a trial court sustains a demurrer, the complaining party may immediately bring the order to the Supreme Court for review. Section 6067, Comp. Laws Okla. 1909. But it must be brought within one year from the making of the order. *Blackwood v. Shaffer,* 44 Kan. 273, 24 Pac. 423.

The note which is the basis of this action is in form a joint note, but it is alleged in the petition that all the makers thereof received the consideration for which it was executed. By reason of section 1119 of the Compiled Laws of Oklahoma of 1909, the promise of the maker must therefore be presumed to be joint and several. Plaintiff could have brought his action against any one of the makers instead of all, as was done, and, under the provisions of the Code of this state, he might, after having brought his action against all, and having failed to obtain service upon some of them, have proceeded against those served in the same manner as

if they were the only defendants, and a judgment against one or more of them would not be a bar against those not served, and an appeal could be taken from a judgment against some of the makers, without making those against whom no judgment was taken parties to the appeal. *Outcalt v. Collier, supra.* But plaintiff chose to prosecute his action against all the makers of the note, and the order here complained of was made upon the joint demurrer of all the defendants, and they are therefore each and all parties to the order. This court is without power to reverse, vacate, or modify it as to any of those defendants who have not been served with summons in error, and have not entered an appearance, for it has no jurisdiction of their persons. If the court could examine the assignment urged, and should find that plaintiff's petition states a cause of action, and the order sustaining the demurrer should be reversed, a reversal could only be made as to the defendant who is now before the court, but that could not be done without prejudice to his rights in the absence of his codefendants. If plaintiff cannot by amendment to his petition strengthen his cause of action, and it is reasonable to presume that he cannot do so, or he would have amended his petition before bringing this proceeding, defendants are entitled to a judgment on the order sustaining the demurrer. But if this court should hold that the petition now states a cause of action, and should reverse the cause as to the defendant who is now before it, and plaintiff should establish by evidence the allegations of his petition, he would be entitled to and would obtain a judgment against this defendant. On any judgment on this note that this defendant may be required to pay, he would be entitled to contribution from his joint makers; but his joint makers would have a judgment discharging them from any liability.

It is therefore apparent that a reversal of the order of the trial court could not be made, with only the present defendant before the court, without prejudice to his rights and the motion to dismiss should be sustained.

Dunn, C. J., and Kane and Turner, JJ., concur; Williams, J., not participating.