SEIBERT v. FIRST NAT. BANK OF OKEENE.

No. 449. Opinion Filed March 8, 1910.

Rehearing Denied May 10, 1910.

(108 Pac. 628.)

1. **APPEAL AND ERROR—Necessary Parties.** All persons who are parties to the proceedings in the trial court, and whose interest will be adversely affected by a reversal of the judgment, must be brought into the appellate proceedings.

2. **APPEAL AND ERROR—Defect of Parties—Dismissal.** If the interests of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of without a reopening of the case as to the other parties as to whose interest the judgment has become final, by the failure to appeal, the appeal will be dismissed.

(Syllabus by the Court.)

*Error From District Court, Blaine County.*

Action by the First National Bank of Okeene against J. H. Seibert and another. Judgment for plaintiff, and defendant Seibert brings error. Dismissed.

*I. H. Lookabaugh, Dale & Bierer,* and *Benj. F. Hegler, Jr.,* for plaintiff in error.

*H. N. Boardman* and *Robberts & Curran,* for defendant in error.

KANE, J. This action was commenced in the district court of Blaine county, by the defendant in error, First National Bank of Okeene, as plaintiff, against the plaintiff in error, J. H. Seibert, and one B. H. Horn, as defendants, to recover the possession of about 3,500 bushels of wheat. The plaintiff based its right of possession upon a chattel mortgage. The defendant Seibert answered, setting up a claim to the wheat and right of possession based upon a chattel mortgage later in date than that of the plaintiff, but he claimed that the first mortgage did not cover the same wheat, and that therefore his right to possession was superior to that of the plaintiff. The evidence showed that Seibert had taken possession of the wheat, and claimed to have given Horn credit on his note and chattel mortgage for its value. The court found in favor of the plaintiff, finding that Horn was indebted to it in something like $3,000, secured by chattel mortgage, and rendered judgment against Horn and Seibert jointly for the possession of the wheat in controversy, and, in case the delivery of the same could not be had, that then the plaintiff have and recover of and from said defendant the sum of $1,145.65, the value of the wheat as found by the court. From this judgment Seibert attempted to appeal without making Horn a party. The case-made was not served upon Horn, and he made no appearance in this court.

The defendant in error insists that the appeal should be dismissed, for the reason that Horn is a necessary party to it, and was not joined therein in time as a party plaintiff in error or defendant in error. The rules for determining this question seem to be well settled by this court as follows: (1) All persons who are parties to the proceedings in the trial court and whose interest will be adversely affected by a reversal of the judgment, must be brought into the appellate proceedings. (2) If the interests of those who are brought into the appellate proceed-

ings as parties will be injuriously affected by a reversal or modification of the judgment complained of without a reopening of the case as to the other parties as to whose interest the judgment has become final by the failure to appeal. the appeal will be dismissed. *Outcalt v. Collier,* 8 Okla. 473, 58 Pac. 642; *Gillette v. Murphy,* 7 Okla. 91, 54 Pac. 413; *Wedd v. Gates et al.,* 15 Okla. 602, 82 Pac. 808; *Strange v. Crismon,* 22 Okla. 841, 98 Pac. 937; *Board of Commissioners v. Lemley,* 23 Okla. 306, 101 Pac. 109; *Continental Gin Co. v. Huff* (reported in this volume) 108 Pac. 369.

Counsel for plaintiff in error in their brief do not question the correctness of the rules above laid down, but contend that, if the plaintiff in error obtains a reversal, the effect thereof will be to sustain plaintiff in error in his contention that the property for which this replevin suit was brought by the plaintiff was rightfully in his possession under his mortgage; that no new trial will be necessary, but the court must find that judgment shall be rendered in favor of the plaintiff in error on the pleadings, and therefore Horn will not be affected by such reversal. There is no doubt that a reversal of the case in this court will annul and set aside the judgment against Horn in the court below. Under such circumstances there are several ways that suggest themselves to our minds whereby his interests may be adversely affected by such reversal, one of which will be sufficient to notice here. Section 2752, Wilson's Rev. & Ann. St. 1903, provides:

"The detriment caused by the wrongful conversion of personal property is presumed to be: First, the value of the property at the time of the conversion, with the interest from that time; or, second, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and, third, a fair compensation for the time and money properly expended in pursuit of the property."

The judgment of the court below, as far as the record shows, advantageously disposed of $1,145.67 of the indebtedness of Horn

to the bank. It must be presumed that Horn is satisfied with this judgment, for he has made no attempt to appeal therefrom. The judgment was rendered in the district court on the 18th day of October, 1907. There must of necessity have been many changes in the value of the wheat in controversey up to this time, and many other changes may take place before a verdict could be returned if the case should be reversed. Under the section of the statute above quoted, Horn's interest would be affected by every change in the value of the wheat, and upon retrial he may find himself in a less advantageous position, and with a largely augmented cost bill to pay. Moreover, as the relief prayed by the plaintiff in error, if granted, would necessarily bring about the reversal of the judgment against Horn, with which he is satisfied, he ought to have his day in court.

"The rule requiring parties having an interest that may be materially affected by the judgment to be brought, before the appellate tribunal is in no sense a technical one; on the contrary, it is a rule of great importance, and is required in order to secure a litigant 'his day in court.' It is, when justly understood, a salutary rule, and one required by the constitutional principle that the rights of a party cannot be adjudicated without notice. The right of a party to notice is, indeed, fundamental, for without notice it cannot be truly said that there is due process of law." (Elliott on Appellate Procedure, § 143.)

The appeal is dismissed, at the cost of plaintiff in error.

All the Justices concur.