# VERMILLION *et al.* v. BEVIS.

No. 1124. Opinion Filed May 10, 1910.

(109 Pac. 69.)

**APPEAL AND ERROR—Time for Taking.** Under section 4452 of the Statutes of Oklahoma of 1893, which provides that "no proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of," etc., every necessary party to the appeal must either make a general appearance within the year following the rendition of the judgment or entering the final order appealed from, or summons must issue within such time and service thereof be had upon the defendants in error; otherwise, no appeal can be had.

(Syllabus by the Court.)

*Error from Ellis County Court; A. E. Williams, Judge.*

Action between Francis M. and Anna M. Vermillion and Otis H. Bevis. From the judgment, the Vermillions bring error. Dismissed.

*H. L. Adkins,* for plaintiffs in error.

*C. B. Leedy,* for defendant in error.

KANE, J. The judgment was entered on the 11th day of July, 1908, and the motion for a new trial overruled on the 6th day of October, 1908. The case-made was filed in this court on the 8th day of October, 1909, and summons in error issued on the same day. The summons in error was returned on the 19th day of October, 1909, showing defendant in error "not found." There is a special appearance by the defendant in error for the purpose of moving this court to dismiss the appeal, upon the ground that the proceeding in error was not commenced and summons in error was not served upon the defendant in error or his attorney of record within the time prescribed by law.

The motion to dismiss must be sustained. In the case of *Wedd v. Gates et al.,* 15 Okla. 602, 82 Pac. 808, it was held:

"Under section 4452 of the Statutes of Oklahoma of 1893, which provides that 'no proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of,' etc., every necessary party to the appeal must either make a general appearance within one year following the rendition of the judgment or entering of the final order appealed from, or summons must issue within such time and service thereof be had upon the defendants in error. Otherwise, no appeal can be had."

The case of *Wedd v. Gates et al., supra,* has been uniformly followed by the Supreme Court of the territory, and by this court since statehood.

The appeal is dismissed.

All the Justices concur.