## WADE v. HOPE & KILLINGSWORTH et al.

No. 8204—Opinion Filed Sept. 26, 1916.

Rehearing Denied Feb. 6, 1917.

(162 Pac. 742.)

**1. Appeal and Error—Parties—Jurisdiction —Dismissal.**

If the interests of those who are parties to the proceedings in the trial court will be adversely affected by a reversal of the judgment on appeal in this court, all such parties, whether judgment has gone against them by default or otherwise, must be duly and properly brought into the appellate proceedings, or the Supreme Court will be without jurisdiction to review the judgment complained of, and the appeal will be dismissed.

**2. Same—Joint Judgment.**

The reversal of a joint judgment on appeal by one of the defendants against whom such judgment has been duly rendered of necessity opens up such joint judgment which otherwise, as to them, would become final by the failure of such parties to appeal, or by a failure on the part of those appealing to duly and properly bring such parties into the appellate proceedings.

**3. Same.**

Such parties are injuriously affected for the reason that upon a reversal and new trial ordered they would have to defend in another trial; and, in the event the appealing joint defendant or defendants should ultimately escape liability on such judgment, they would be forced to pay off said joint judgment with no right of contribution over against those joint defendants thus escaping from such liability.

(Syllabus by Davis, C.)

Error from District Court, Jefferson County; Will Linn, Judge.

Action by R. W. Hope and Ike Killingsworth, doing business under the firm name and style of Hope & Killingsworth, against T. M. Vaught and C. S. Wade, doing business under the name of T. M. Vaught. Judgment for plaintiffs, and defendant C. S. Wade brings error. Appeal dismissed.

Bond, Melton & Melton, and H. B. Lockett, for plaintiff in error.

Bridges & Vertrees and A. W. Renolds, for defendants in error.

Opinion by DAVIS, C. R. W. Hope and Ike Killingsworth, a partnership, doing business under the firm name and style of Hope & Killingsworth, as plaintiffs, sued T. M. Vaught and C. S. Wade, a partnership, doing business in the name of T. M. Vaught, as defendants, in the district court of Jefferson county, Okla., to recover of and from said defendants, so jointly sued, the sum of $2,866, with interest thereon at the rate of 6 per cent. per annum from July 8, 1913, until paid, and for costs.

Plaintiffs alleged the partnership of defendants, and that the money was due them from the sale and delivery of cattle to the defendants, for which the defendants, as partners, gave the plaintiffs a check covering the correct amount on the Comanche State Bank, of Comanche, Stephens county, Okla., which was never paid nor honored by said bank. Said check was signed by the said defendant Vaught.

The defendants, C. S. Wade and T. M. Vaught, were each duly served in person with summons in the trial court, and the defendant T. M. Vaught defaulted, and the defendant S. C. Wade appeared, and after his dilatory pleas had been duly filed, presented, heard, and overruled, he filed answer, joined issue, and went to trial before the court and jury. The partnership was denied by the defendant Wade in his said answer, and the trial court in its charge to the jury gave the following instructions:

"The court instructs the jury that, if you find and believe from the evidence in this case that on the 8th day of July, 1913, the defendants, T. M. Vaught and C. S. Wade, or at any time prior thereto, had entered into a contract or agreement wherein the said defendants under the terms of said contract or agreement entered into a partnership for the purpose of buying and selling cattle, and that while acting under said contract of partnership the defendant T. M. Vaught purchased of the plaintiffs Hope & Killingsworth 183 head of cattle at the contract price of $3,455, and in payment of same executed his check upon the Comanche State Bank of Comanche, Okla., to the plaintiffs, and you further find from the evidence that said check or any part thereof has never been paid, then the law would be for the plaintiff, and you should so find for whatever amount you may find from the evidence to be the balance due and unpaid thereon, together with 6 per cent

interest thereon from the 8th day of July, 1915, in all, however, not to exceed the sum of $2,866, with 6 per cent. interest thereon from the 8th day of July, 1913."

"The court further instructs the jury that, unless you find and believe from the evidence that there was a contract and agreement of partnership and that the same existed on the 8th day of July, 1913, the date of the alleged purchase herein, then the law would be for the defendant, and you should so find."

"The court instructs the jury that under the law a partnership is the association of two or more persons for the purpose of carrying on business together and dividing its profits between them. You are further instructed that a partnership can only exist by reason of a voluntary contract entered into between the parties and never by operation of law."

"The court instructs the jury that, although you may find and believe from the evidence in this case that the defendant T. M. Vaught purchased of the plaintiffs herein the cattle in question, and that he executed in payment thereof the check herein sued upon, still unless you further find and believe from the evidence in this case that at the time he did so execute said check that there was a contract between the defendants Vaught and Wade forming a partnership between them, and that the said partnership existed at said time, the law would be for the defendant, and you should so find."

"The court further instructs the jury that, although you may find and believe from the evidence that there was a contract of partnership between the defendants Vaught and Wade to deal in certain leases and lands, still, unless you further believe from the evidence that said contract of partnership was to buy and sell cattle, and the same existed on the date of the purchase of the cattle herein sued for, then the law would be for the defendant, and you should so find."

On October 15, 1915, the jury returned the following verdict:

"We, the jury duly impaneled, sworn, and charged in the above-entitled cause, do upon our oaths find the issues herein in favor of the plaintiffs and against the defendant C. S. Wade, and fix the amount of their recovery at the sum of $2,866, together with interest thereon at the rate of 6 per cent. per annum from the 8th day of July, 1913."

The defendant T. M. Vaught was adjudged in default on October 15, 1915, and on the same date the trial court, after the return of the verdict of the jury supra, entered a joint judgment against the defendants, Wade and Vaught, which said judgment concludes as follows:

"The said defendant T. M. Vaught, made default in said case and the plaintiffs in open court demanded judgment against said defendant T. M. Vaught by default, which was by the court granted.

"It is therefore ordered, adjudged, and decreed by the court that the plaintiffs have and recover of and from said defendants, C. S. Wade and T. M. Vaught, the sum of $2,866, with interest thereon at the rate of 6 per cent. per annum from the 8th day of July, 1913, and the costs of this action, for all of which let execution issue."

The proper proceedings were had and done in the trial court by the defendant Wade to perfect his record and appeal to this court, and the defendant C. S. Wade, as plaintiff in error, against R. W. Hope, Ike Killingsworth, and T. M. Vaught, defendants in error, brings this cause here for review on petition in error with case-made attached. Each of the defendants in error was duly served with the case-made. The defendant Vaught has never appeared in the action from its inception to the present good hour; neither in person nor by counsel, and has wholly defaulted and persistently failed, neglected, and refused to appear and defend in said action. The proceedings on appeal were filed in this court on April 15, 1916, and said defendant Vaught has never been served with summons in error in this cause in this court, and has never waived the same.

A motion to dismiss this proceeding in error has been filed by defendants in error, Hope and Killingsworth, in which a dismissal of this proceeding is urged upon several grounds. It will be unnecessary to notice all of them, since we are of the opinion, in the light of the facts set forth herein supra from the record, that the following portion of the second ground of said motion to dismiss is well taken:

"We desire to call the court's attention to the judgment in this case found on pages 208 and 209, C. M., for the purpose of showing that it was a joint judgment against the plaintiff in error, Wade, and defendant in error Vaught, and that Vaught is materially interested in an affirmance or reversal of the case, and was a necessary party to the appeal."

See, also, Gillette & Libby et al. v. Murphy, Carroll & Brough et al., 7 Okla. 91, 54 Pac. 413; George W. Outcalt v. William M. Collier, 8 Okla. 473, 58 Pac. 642; Lewis Humphrey et al. v. Maggie Hunt, 9 Okla. 196, 59 Pac. 971; John Wedd v. Tolbert Gates et al., 15 Okla. 602, 82 Pac. 808; Strange et al. v. Crismon, 22 Okla. 841, 98 Pac. 937; Board of Com'rs of Kingfisher County et al. v. Lemley, 23 Okla. 306, 101 Pac. 109; Weisbender et al. v. School Dist. No. 6 of Caddo County, 24 Okla. 173, 103 Pac. 639; Hughes v. Rhodes,

25 Okla. 172, 105 Pac. 650; Jones v. Balsley & Rogers et al., 25 Okla. 344, 106 Pac. 830, 138 Am. St. Rep. 921; Spaulding Mfg. Co. v. Dill et al., 25 Okla. 395, 106 Pac. 817; Seibert v. First Nat. Bank of Okeene, 25 Okla. 778, 108 Pac. 628; American Nat. Bank of McAlester et al. v. Mergenthaler Linotype Co., 31 Okla. 533, 122 Pac. 507; Kansas City, M. & O. Ry. Co. v. Williams, 33 Okla. 202, 124 Pac. 63; Chickasha Light, Heat & Power Co. v. Bezdicheck, 33 Okla. 688, 126 Pac. 821.

The correct rule in this jurisdiction in determining the question as to the necessary parties on appeal, whether such parties make default or not, is that all persons who are parties to the proceedings in the trial court and whose interest will be adversely affected by a reversal of the judgment must be duly and properly brought into the appellate proceedings; that the reversal of a joint judgment on appeal by one of the defendants against whom such judgment has been duly rendered, does of necessity open up the judgment, which otherwise, as to them, would become final by the failure of such parties to appeal, or by the failure on the part of those appealing to duly and properly bring such parties into the appellate proceeding, and does of necessity injuriously affect such parties, for the reason that they would have to defend in another trial, and for the further reason that in the event the appealing joint defendant or defendants should ultimately escape liability on such judgment, their codefendants, jointly bound by said judgment, not appealing or not being duly and properly brought into the appellate proceedings by those appealing, would be forced to pay off said joint judgment with no right of contribution over against those joint defendants thus escaping from liability on appeal on said joint judgment, and all this notwithstanding a contrary doctrine may be found in some of the opinions cited herein. Chickasha Light, Heat & Power Co. v. Bezdicheck, supra; Am. Nat. Bank of McAlester et al. v. Mergenthaler Linotype Co., supra.

It therefore becomes manifest, in the light of what we have said herein supra, that the defendant T. M. Vaught is a necessary party to this appeal, and that a reversal herein would injuriously affect his rights, and, not being served with summons in error as required by law, and not having waived the same, we are without jurisdiction to review the judgment complained of.

The motion to dismiss on that portion of the second ground thereof herein set forth supra is sustained, and the appeal is dismissed at the cost of the plaintiff in error.

By the Court: It is so ordered.