## SCOTT et al. v. AMIS et al.

No. 18617. Opinion Filed Dec. 31, 1928.

Rehearing Denied April 9, 1929.

Ross & Thurman, for plaintiff in error J. M. Scott.

R. H. Hudson, H. H. Barth, H. R. Hudson, and W. L. Barnes, for plaintiff in error Phillips Petroleum Company.

Ford & Montgomery, for defendant in error Mildred Amis.

PER CURIAM. This is an appeal from the judgment of the district court of Tulsa county rendered in an action wherein Mildred Amis, as plaintiff, sought to recover damages from the Phillips Petroleum Company, the Devonian Oil Company, and J. M. Scott.

Cause was tried to a jury. At the conclusion of the introduction of the evidence by the plaintiff, the Devonian Oil Company demurred thereto, which demurrer was by the court sustained.

At the conclusion of the taking of the evidence and after the court had given its instructions to the jury, the plaintiff's cause of action as against the defendants Phillips

Petroleum Company and J. M. Scott was submitted to the jury and verdict rendered in favor of the plaintiff and against the defendants Phillips Petroleum Company and J. M. Scott. Judgment was rendered in favor of the plaintiff against the Phillips Petroleum Company and J. M. Scott, and against the plaintiff in favor of the Devonian Oil Company.

Motion for new trial was filed by the plaintiffs in error, Phillips Petroleum Company and J. M. Scott, and by the court overruled, and from the judgment of the court and the order overruling the motion for new trial, the defendants Phillips Petroleum Company and J. M. Scott have appealed to this court.

At the time the motion for new trial was overruled plaintiffs in error gave notice of appeal in open court, which action automatically made Mildred Amis and the Devonian Oil Company parties to this appeal.

The plaintiffs in error in their petition in error made the Devonian Oil Company a party to this appeal, but the appeal has heretofore been dismissed as to said Devonian Oil Company for the reason no case-made was served upon it.

The defendant in error Mildred Amis has filed in this court her motion to dismiss the appeal on the ground that no case-made was served upon said Devonian Oil Company, whose rights might be prejudicially affected by the modification or reversal of the judgment appealed from, and which is a necessary party to this appeal.

Plaintiffs in error have responded to this motion and admit no case-made was served upon the Devonian Oil Company, and this admission is supported by the record filed in this court.

The plaintiffs in error assert in said response that the Devonian Oil Company is not an adverse party; that its rights will not be affected by a reversal of the judgment and it is not a party to the judgment appealed from.

By this motion and response two propositions are presented. First. Is the Devonian Oil Company a necessary party to this appeal? Second. If so, was it necessary to serve case-made upon it?

The first proposition is answered affirmatively in a number of cases decided by this court as follows: Humphrey v. Hunt, 9 Okla. 196, 59 Pac. 971; Kansas City, M. & O. Ry. Co. v. Williams, 33 Okla. 202, 124 Pac. 63; Ft. Smith & W. Ry. Co. v. Wilson,

33 Okla. 280, 124 Pac. 948; Denny v. Ostrander, 33 Okla. 622, 127 Pac. 390; Chickasha Light, Heat & Power Co. v. Bezdicheck, 33 Okla. 688, 126 Pac. 821; Gwinnup v. Griffins, 34 Okla. 117, 124 Pac. 1091; C., R. I. & P. Ry. Co. v. Austin, 63 Okla. 169, 163 Pac. 517; City of Lawton v. Burnett, 72 Okla. 205, 179 Pac. 752.

In the case of City of Lawton v. Burnett, supra, this court announced the following rule:

"Where one L. and others were sued jointly for damages, and upon the trial judgment was rendered in favor of the defendant L. and against the plaintiff, but in favor of plaintiff and against all of the other defendants, and all of the defendants against whom judgment was rendered prepared a case-made and served it upon the plaintiff, and perfected their appeal to this court, but failed to serve the case-made upon the defendant L., and the plaintiff filed a motion to dismiss the appeal for the reason that all of the necessary parties are not made parties to the appeal, held, that L. is a necessary party, and should have been served with the case-made and with the summons in error. L. was a party to the joint judgment, and is therefore a necessary party to the appeal. One whose rights may be affected by a reversal or modification of a judgment appealed from is a necessary party in the appellate court."

In the case of C., R. I. & P. Ry. Co. v. Austin, supra, the court announced the rule as follows:

"Plaintiff brought suit against defendant railway company and members of its train crew for damages for personal injuries alleged to have been received because of negligence in the operation of one of defendant company's trains by the individual defendants composing the train crew. Judgment was rendered for plaintiff and against defendant company and in favor of the individual defendants. The defendant railway company appealed to the Supreme Court, naming its codefendants as defendants in error. The judgment was reversed, and the cause remanded, with directions to the trial court to grant plaintiff a new trial as to all defendants. After remand, plaintiff dismissed as to all defendants except the railway company and the conductor. The second trial resulted in judgment for plaintiff against both defendants, who join in the present appeal and plead the judgment at the first trial in favor of the conductor as a bar to plaintiff's right to recovery. Held: (1) On the former appeal the conductor and other members of the train crew were proper and necessary parties thereto, and were properly joined as defendants in error; (2) that the judgment rendered at the first trial was a joint judgment and the Supreme Court ob-

tained jurisdiction to reverse, vacate, or modify the same or direct that such be done by the trial court as to all parties; (3) upon the reversal of said judgment plaintiff was entitled to a new trial as against all the defendants in the action."

In that case at the former trial the court sustained a demurrer to the evidence as to the defendants composing the train crew, and in each of the cases cited above the judgment was rendered in favor of the plaintiff as against some of the defendants and in favor of others, and in each case this court held that the defendant in whose favor judgment was rendered was a necessary party to the appeal, and the reasons given therein are applicable to the facts in this case, and present a reason why the defendant Devonian Oil Company is a necessary party to this cause on appeal. The judgment rendered in this case being a joint judgment, reversal of the cause and the granting of a new trial would reopen the entire judgment and require the defendant Devonian Oil Company to again defend.

In the case of Wade v. Hope & Killingsworth, 65 Okla. 69, 162 Pac. 742, this court announced the following rule:

"The reversal of a joint judgment on appeal by one of the defendants against whom such judgment has been duly rendered of necessity opens up such joint judgment, which otherwise, as to them, would become final by the failure of such parties to appeal, or by a failure on the part of those appealing to duly and properly bring such parties into the appellate proceedings."

The plaintiffs in error urge the necessity of service of case-made on the adverse party only, and that the Devonian Oil Company is not an adverse party, and cite the case of In re Wah-Shah-She-Me-Tsa-He's Estate, 111 Okla. 177, 239 Pac. 177, to support their contention. The judgment in that case was held to be a several judgment and not a joint judgment, and therefore, the holding in that case is not applicable to the condition of the case before us. However, in that case, the case of Morrison v. Leach (W. Va.) 47 S. E. 237, is cited with approval, and in which the rule is announced "that a statute requiring notice to the opposite party means all parties who have an interest in upholding the decree sought to be reversed. The word 'opposite' is a synonym of 'adverse,' " and which rule is applicable to the facts in this case.

Judgment was rendered in the trial court in favor of the Devonian Oil Company. If this judgment stands, it is freed from liability. If the judgment is reversed and a new trial granted, it will again have to defend at the risk of a judgment against it. It then is interested in upholding the judgment in its favor which plaintiffs in error are seeking to have reversed, and its interests are adverse to that of the plaintiffs in error and, therefore, it is a necessary party to the appeal.

If the contention of plaintiffs in error that the judgment in favor of the Devonian Oil Company is final be correct, but with which we do not agree, there is presented another reason why the Devonian Oil Company is a necessary party to this appeal. In the case of Board of Commissioners of Kingfisher County v. Lemley, 23 Okla. 306, 101 Pac. 109, the following rule was announced:

"If the interests of those who are brought into the appellate proceedings as parties will be injuriously affected by a reversal or modification of the judgment complained of, without a reopening of the case as to other parties as to whose interests the judgment has become final by the failure to appeal, the appeal will be dismissed."

See, also, Seibert v. First National Bank of Okeene, 25 Okla. 778, 108 Pac. 628; Continental Gin Co. v. Huff et al., 25 Okla. 798, 108 Pac. 369; Zeimann v. Bennett et al., 39 Okla. 344, 134 Pac. 1124; DeBolt v. Farmers Exchange Bank, 46 Okla. 258, 148 Pac. 830.

This action was for damages on account of negligence alleged to the defendants. The court and jury found the damages were due to the negligence of the defendants Phillips Petroleum Company and J. M. Scott, and not that of the Devonian Oil Company. If the judgment should be reversed, it might be that upon a second trial the court and jury would believe the negligence which caused the damages was imputable to the Devonian Oil Company, as well as to the other defendants, or that they were due to the negligence of the Devonian Oil Company alone, and not to the other defendants; and in the event of the latter, if the theory of the plaintiffs in error be correct, the plaintiff would be confronted with a final judgment in favor of the Devonian Oil Company. If the cause is reversed, the plaintiff should have a right to proceed, as she did in the first instance, against all parties and let the court and jury determine whose negligence caused the injury. For this reason, the plaintiff was entitled to have the Devonian Oil Company brought into this court and served with case-made to enable this court to review the entire judgment. Therefore, the facts in this case bring it under the rule last above quoted.

The proposition of the necessity of serving the case-made upon the defendant Devonian Oil Company is answered affirmatively in most of the cases above cited, to which may be added the case of Houghton v. Sealy, 129 Okla. 168, 264 Pac. 140, as well as many others, wherein the rule is announced as follows:

"A failure to serve case-made upon an adverse party whose rights might be prejudically affected by a modification or reversal of the order or judgment appealed from defeats the jurisdiction of the Supreme Court to entertain such appeal, and said appeal will be dismissed on motion."

The defendant in error in her motion to dismiss asserts that she is entitled to have the Devonian Oil Company properly brought into this court to enable her to file a cross-petition in error as against it.

This court in the case of Board of Commissioners of Kingfisher County v. Lemley, supra, in the body of the opinion, said:

"All of the defendants below should have been made parties in this court in order that the plaintiff might have an opportunity to file her cross-petition in error and assign for review by this court the action of the trial court in sustaining a demurrer."

We deem it unnecessary, however, to announce such a rule in this case, in that the reasons already assigned are decisive of the questions before us in this cause.

The Devonian Oil Company being a necessary party to this appeal, and the case-made not having been served upon it, there is nothing before this court for review, and the appeal is dismissed.