SMITH *et al.* v. EAGLE MFG. CO.

No. 357. Opinion Filed January 11, 1910.

(108 Pac. 626.)

**JUDGMENT—Conformity to Verdict.** In a trial by jury the judgment must be supported by the verdict, and a judgment which goes beyond the verdict is erroneous.

(Syllabus by the Court.)

*Error from Seminole County Court; T. S. Cobb, Judge.*

Action by the Eagle Manufacturing Company against J. F. Smith and others. From the judgment, defendants bring error. Reversed and remanded.

*Crump, Rogers & Harris* and *B. B. Blakeney,* for plaintiff in error.

*J. A. Baker,* for defendant in error.

KANE, C. J.: The petition in this action was in two paragraphs; the first stating a cause of action on account, and the second was in form an action in conversion for the recovery of the value of the same merchandise itemized in the account sued on. The cause in the court below was entitled Eagle Manufacturing Company, a Corporation, Plaintiff, v. J. F. Smith, N. B. Smith, and J. W. Smith, Partners under the Firm Name and Style of J. F. Smith Hardware Company, Defendants. J. F. Smith and J. W. Smith answered together; their answer amounting to a general denial. N. B. Smith answered separately, alleging, in substance, that on or about the 11th day of September, 1906, he purchased the implements described in plaintiff's petition; that at the time he

purchased said implements he was not a member of, and had no interest in, the J. F. Smith Hardware Company; that on or about the 1st day of March, 1907, he settled said account with plaintiff and paid said account in full; that. in payment of said account, he executed to said plaintiff his promissory note and secured the same with collateral notes, and that, by reason of said settlement, he is not indebted to said plaintiff for the goods, wares and merchandise.    Then follows a prayer to the court to require said plaintiff to produce said note given in payment of said account and the collateral notes securing the same, that the same may be used as evidence at the trial of this cause.

On the issues thus joined the case came on to be heard before the court and a jury, which resulted in a verdict, omitting the caption, in the following form:

"We, the jury, find the issues in favor of plaintiff, Eagle Manufacturing Co., as against defendant, N. B. Smith, in the sum of $442.80, with interest at 8 per cent. per annum from Oct. 1, 1907, and as against the defendants J. W. Smith and J. F. Smith, in the sum of $525.00, with interest at six per cent. per annum from January 7, 1907."

Upon this verdict the court rendered judgment as follows:

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, Eagle Manufacturing Company, a corporation, do have and recover of and from the defendant N. B. Smith the sum of $1,083.95, with interest thereon at the rate of 8 per cent per annum from this date until paid, and that said plaintiff do have and recover of and from said defendants J. W. Smith and J. F. Smith the sum of $567.00 with interest thereon at the rate of 6 per cent. per annum from this date until paid, and it is further ordered by the court that a payment of any part of this judgment shall be *pro tanto* a payment on the judgment against all defendants, and that the said plaintiff recover of said defendants all costs here incurred."

To reverse this judgment, plaintiffs in error commenced this proceeding in error in this court.

Counsel for plaintiffs in error contend that the main error committed by the trial court was disregarding the joint liability of the partners; that, as the plaintiff brought this action to recover

against the firm of co-partners, the judgment rendered must be a joint judgment against all the co-partners. The theory of the court below, which no doubt determined the form of the verdict, and the judgment rendered thereon, is disclosed by the instructions. Instruction No. 3 reads as follows:

"The undisputed evidence shows that defendant N. B. Smith made said contract, and that he either alone or jointly with others received said goods as per contract, that notes were subsequently executed to plaintiff by said N. B. Smith therefor, which are now held by plaintiff, and that plaintiff has neither received payment for said goods or said notes. You will therefore render a vedict against the said N. B. Smith in the sum of $967.80, but in determining the liability of the defendants J. W. and J. F. Smith you will observe the instructions herein given you."

This instruction assumes the defense of N. B. Smith to have established as far at least as giving his promissory note in payment of the goods is concerned. It is only upon this theory the court could have instructed the jury to render a verdict against N. B. Smith in the sum of $937.80, as that was the total amount involved in the claim. The theory upon which judgment was rendered against J. W. and J. F. Smith is disclosed by instruction No. 11 given by the court. It reads as follows:

"If you find from the evidence that the $525 worth of goods delivered to defendants at Seminole were received by said copartnership in payment of N. B. Smith's interest therein with defendants J. W. and J. F. Smith having such knowledge of or concerning said original contracts as would make them innocent purchasers as herein defined, you will find for the defendants J. F. and J. W. Smith, but, if you believe from the evidence that when said partnership received said goods they, defendants J. W. and J. F. Smith, could not be deemed innocent purchasers as herein defined, you will find for the plaintiff as against said defendants J. W. and J. F. Smith. In case you find for the plaintiff under this phase of the case, your verdict will be for $525."

Instruction No. 12 reads:

"On the amount of your verdict against N. B. Smith, you will find interest at 8 per cent. per annum on said $967.80 from October 1, 1907. In case you find against defendants J.W. Smith and

J. F. Smith, you will allow interest on the amount so found at the rate of 6 per cent. per annum from January 7, 1907."

It seems to us the court misapprehended the proper theory of the case, and that the jury misapprehended the instructions of the court. The action was brought against the three Smiths as general partners, the first paragraph of the petition charging them with liability on an account stated, and the second for conversion of the same merchandise stated in the account. Section 3886, Wilson's Oklahoma Statutes, provides that "every general partner is liable to third persons for all the obligations of the partnership, jointly with his copartners." The defense of N. B. Smith was that he was individually liable for the purchase of the merchandise, and that he gave his promisory note, secured by collateral notes, in payment thereof. The court instructed the jury that the undisputed evidence showed this defense to be established, and that, therefore, a verdict should be rendered against N. B. Smith in the sum of $967.80, which was the full amount sued for. If N. B. Smith was individually liable, and the undisputed evidence established his liability, there should have been an end to the case, for the others could not have been liable as partners or otherwise on the same account. The jury, however, seemed to take a different view of the case from the court, and found in favor of the plaintiff and against defendant N. B. Smith in the sum of $442.80, and against J. W. Smith and J. F. Smith in the sum of $525. The court, disregarding the verdict of the jury so far as it related to N. B. Smith, entered judgment against him in the sum of $1,083.95 and against J. W. Smith and J. F. Smith in the *sum of $567, which, with interest added,* approximated the amount found by the jury to be due from J. W. and J. F. Smith to the plaintiff. The court further added that "a payment of any part of this judgment shall be *pro tanto* a payment on the judgment against all defendants." This was error in itself. The court should have ordered judgment entered in conformity with the verdict.

"A judgment must be supported by the verdict or findings in the case, and a judgment which goes beyond the verdict is erroneous. There is no principle of law more firmly established than

that the judgment must follow and conform to the verdict or findings." (11 Enc. of P. & P., p. 904.)

Counsel for defendant in error insists that this sort of a verdict and judgment were proper under the rule laid down in *Duncan v. Capehart*, 40 Colo. 446, 90 Pac. 1033. Without approving or disapproving the rule laid down in the Colorado case, we are of the opinion that it has no application here. If the court had entered judgment against N. B. Smith for the full amount of the claim, without entering judgment against the others for a certain part of it, the case would have been in point. The contention of plaintiff was that the defendants were jointly liable. There was evidence reasonably tending to support this contention, and it was upon this theory the case should have been tried and submitted to the jury.

The judgment of the court below must therefore be reversed, and the cause remanded, with instructions to grant a new trial.

All the Justices concur.