## FT. SMITH & W. R. CO. v. WILSON.

No. 3114. Opinion Filed June 25, 1912.

(124 Pac. 948.)

APPEAL AND ERROR—Necessary Parties—Dismissal. Where, in an action for damages against two railway companies, judgment is entered against one and in favor of the other, and the former attempts to appeal, its codefendant is a necessary party, and where it is not made a party on appeal the cause will on motion be dismissed.

(Syllabus by the Court.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by S. M. Wilson against the St. Louis & San Francisco Railroad Company and the Ft. Smith & Western Railroad Company. Judgment for plaintiff against the Ft. Smith & Western Railroad Company, and in favor of the other defendant, and

the Ft. Smith & Western Railroad Company brings error. Dismissed.

*C. E. Warner* and *H. P. Warner,* for plaintiff in error.

*Burford & Burford,* for defendant in error.

DUNN, J. This case presents error from the district court of Okfuskee county. The cause was instituted in the said court by S. M. Wilson against the St. Louis & San Francisco Railroad Company and the Ft. Smith & Western Railroad Company, alleging damages for injury to certain live stock shipped over the St. Louis & San Francisco Railway, and the Ft. Smith & Western Railway as a connecting carrier, from Kansas City, Mo., to Boley, Okfuskee county, Okla. The judgment of the court reads:

"It is ordered, adjudged, and decreed that the plaintiff have and recover of the defendant the Ft. Smith & Western Railroad Company the sum of $500, and his costs of this action duly expended, and that the defendant St. Louis & San Francisco Railroad Company have and recover of the plaintiff its costs in this action duly expended, and let execution issue accordingly."

From this judgment the Ft. Smith & Western Railroad Company has sought to lodge an appeal in this court without making its codefendant a party either plaintiff or defendant in error. The case-made was served upon counsel for defendant in error alone. May 3, 1912, counsel for defendant in error filed motion to dismiss the cause, for the reason that the St. Louis & San Francisco Railroad Company was a necessary party to the appeal.

It is impossible to distinguish this case from the case of *Humphrey et al. v. Hunt,* 9 Okla. 196, 59 Pac. 971, and the cases following it. In that case the court in the syllabus said:

"Where one B. and others were sued jointly for damages, and upon the trial judgment was rendered in favor of the defendant B. and against the plaintiff, but in favor of plaintiff and against all of the other defendants, and all of the defendants against whom judgment was rendered prepared a case-made and served it upon the plaintiff, and perfected their appeal to this court, but failed to serve the case-made upon the defendant B., and the plaintiff filed a motion to dismiss the appeal for the reason that all of the necessary parties are not made parties to the appeal, *held,* that B. is a necessary party, and should have been

served with the case-made and with the summons in error. B. was a party to a joint judgment, and is, therefore, a necessary party to the appeal. One whose rights may be affected by a reversal or modification of a judgment appealed from is a necessary party in the appellate court."

In the consideration of the case the court said:

"It is clear that Belt (the omitted party) might be affected by a reversal of the judgment by which he was discharged from all liability to the plaintiff, and, if it should be vacated and set aside, and a new trial granted, he would have to defend in another trial and take the chances of a verdict being rendered against him. If he had been made a party, he could urge any reason he may have why the judgment should stand; but, from this record, the law presumes that he has no knowledge of the pendency of this appeal, and he cannot, therefore, be expected to enter an appearance. * · * * It might be argued that, inasmuch as Mrs. Hunt failed to appeal from the judgment in favor of Belt, it became final as to him. This, however, cannot be true. The plaintiff submitted the entire matter to the jury, and, while she failed to recover a judgment against all of the parties whom she sued, she was satisfied with it, because she failed to appeal. But the judgment was a joint judgment, and all of the parties affected thereby must be made parties and given an opportunity to be heard, or the judgment will not be disturbed."

In the case at bar the plaintiff asserted a joint cause of action against both railway companies as connecting carriers. The jury found that the damage was due to the negligence of the Ft. Smith & Western Railroad Company, and not that of the St. Louis· & San Francisco Railroad Company; and it is argued by counsel for defendant in error that, if the judgment should be reversed, it might be that upon a second trial the jury would believe that the negligence which caused the damages was imputable to the St. Louis & San Francisco Railroad Company, and not to the Ft. Smith & Western Railroad Company, and in that event the plaintiff would be confronted by a final judgment in favor of the St. Louis & San Francisco Railroad Company, and therefore be unable to pursue it. It is urged that, if the cause is reversed, plaintiff should have the right to proceed as he did in the first instance against both carriers, and again let the jury determine whose negligence caused the injury. Under the uniform holding

of this court, following the reasoning in the case of *Humphrey et al. v. Hunt, supra,* the motion to dismiss must be sustained. See *Am. Nat. Bank of McAlester et al. v. Mergenthaler Linotype Co.,* 31 Okla. 533, 122 Pac. 507, and *K. C., M. & O. Ry. Co. v. Williams, ante,* 124 Pac. 63, and cases cited therein.

HAYES and KANE, JJ., concur; TURNER, C. J., and WILLIAMS, J., absent, and not participating.