## DENNY v. OSTRANDER.

No. 3823.  Opinion Filed October 15, 1912.

(127 Pac. 390.)

**APPEAL AND ERROR—Defect of Parties—Dismissal.** Where, in an action for a broker's commission against two defendants, judgment is entered against one and in favor of the other, and the former attempts to appeal, his codefendant is a necessary party; and where he is not made a party on appeal the cause will on motion be dismissed.

(Syllabus by the Court.)

*Error from Superior Court, Pottawatomie County;*
*George C. Abernathy, Judge.*

Action by P. W. Ostrander against R. A. Denny and L. E. Denny.  Judgment for plaintiff against R. A. Denny, and he brings error.  Dismissed.

*T. G. Cutlip* and *Wm. Beatty,* for plaintiff in error.

*F. H. Reily,* for defendant in error.

DUNN, J.  This case presents error from the superior court of Pottawatomie county.  It is an action instituted in the said court by P. W. Ostrander against R. A. Denny and L. E. Denny to recover a broker's commission, which, it is alleged, defendants agreed to pay to the plaintiff to sell or exchange for them a certain stock of goods.  On a trial had, the following judgment was entered:

"It is therefore ordered and decreed by the court that the plaintiff, P. W. Ostrander, do have and recover of and from

R. A. Denny the sum of $391.28, with interest thereon at the rate of six per cent. per annum from this date, and all costs of this suit, taxed at $16.30; and it is further ordered that the said plaintiff take nothing as against the defendant L. E. Denny, and that he be in all things discharged, with his costs."

From this judgment the defendant R. A. Denny has sought to lodge an appeal in this court without making his codefendant, L. E. Denny, a party, either plaintiff or defendant in error. Counsel for plaintiff, on July 16, 1912, filed a motion to dismiss the cause for the reason that L. E. Denny was a necessary party to the appeal.

Under the uniform holding of this court, the appeal must be dismissed. In the case of *Ft. Smith & Western R. Co. v. Wilson, ante,* 124 Pac. 948, judgment was entered in the trial court as follows:

"It is ordered, adjudged, and decreed that the plaintiff have and recover of the defendant the Ft. Smith & Western Railroad Company the sum of $500, and his costs of this action duly expended, and that the defendant St. Louis & San Francisco Railroad Company have and recover of the plaintiff its costs in this action duly expended, and let execution issue accordingly."

From this judgment the Ft. Smith & Western Railroad Company sought to appeal without making the St. Louis & San Francisco Railroad Company a party, and this court, in the consideration thereof, said:

"In the case at bar the plaintiff asserted a joint cause of action against both railroad companies as connecting carriers. The jury found that the damage was due to the negligence of the Ft. Smith & Western Railroad Company, and not that of the St. Louis & San Francisco Railroad Company; and it is argued by counsel for defendant in error that if the judgment should be reversed it might be that upon a second trial the jury would believe that the negligence which caused the damages was imputable to the St. Louis & San Francisco Railroad Company, and not to the Ft. Smith & Western Railroad Company, and in that event the plaintiff would be confronted by a final judgment in favor of the St. Louis & San Francisco Railroad Company, and therefore be unable to pursue it. It is urged that if the cause is reversed plaintiff should have the right to proceed, as he did in the first instance, against both carriers, and again let the jury determine whose negligence caused the injury. Under

the uniform holding of this court, following the reasoning in the case of *Humphrey et al. v. Hunt,* 9 Okla. 196 [59 Pac. 971], the motion to dismiss must be sustained."

So it is in this case. If the judgment should be reversed, it might be that upon a second trial the court would believe that L. E. Denny was severally or jointly liable to plaintiff, in which event he would be confronted with a final judgment in his favor against L. E. Denny, and be unable to pursue him. See, also, *Am. Nat. Bank of McAlester et al. v. Mergenthaler Linotype Co.,* 31 Okla. 533, 122 Pac. 507; *K. C., M. & O. Ry. Co. v. Williams, ante,* 124 Pac. 63, and cases therein cited.

The appeal is accordingly dismissed.

TURNER, C. J., and HAYES, WILLIAMS, and KANE, JJ., concur.