## CITY OF LAWTON et al. v. BURNETT.

No. 8476—Opinion Filed April 1, 1919.

(179 Pac. 752.)

(Syllabus.)

**Appeal and Error—Case-Made — Service — Necessary Party.**

Where one L. and others were sued jointly for damages, and upon the trial judgment was rendered in favor of the defendant L. and against the plaintiff, but in favor of plaintiff and against all of the other defendants. and all of the defendants against whom judgment was rendered prepared a case-made and served it upon the plaintiff, and perfected their appeal to this court, but failed to serve the case-made upon the defendant L. and the plaintiff filed a motion to dismiss the appeal for the reason that all of the necessary parties are not made parties to the appeal, held, that L. is a necessary party, and should have been served with the case-made and with the summons in error. L. was a party to the joint judgment, and is therefore a necessary party to the appeal. One whose rights may be affected by a reversal or modification of a judgment appealed from is a necessary party in the appellate court.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by Tom Burnett against the City of Lawton, B. C. Koger, and John Langwell. Judgment for plaintiff against the City of Lawton and B. C. Koger, and in favor of defendant, John Langwell, and defendants the City of Lawton and B. C. Koger bring error. Dismissed.

Whalin & Burton and S. I. McElhoes, for plaintiffs in error.

Johnson & Stevens, for defendant in error.

RAINEY, J. This action was filed by Tom Burnett, plaintiff below, in the district court of Comanche county, Okla., against the city of Lawton, a municipal corporation, B. C. Koger, and John Langwell, defendants below, for damages. The issues were joined and a trial was thereafter had on the 7th day of February, 1916, before a jury, which returned a verdict in favor of the plaintiff and against the defendants City of Lawton and B. C. Kroeger in the sum of $500, and also returned a verdict against the plaintiff and in favor of the defendant John Langwell. Judgment was entered on said verdict accordingly.

The defendant in error has filed a motion to dismiss the appeal on the following ground:

"That all the parties to the joint judgment

in this cause are not made parties to this proceeding in error, in that the action in the court below was brought by the defendant in error, Tom Burnett, against the city of Lawton, B. C. Koger, and that the said John Langwell recovered a judgment against the defendant in error, and said John Langwell is not a party to this appeal, such facts appearing upon the face of the record at pages 295, 304-308.''

The motion is well taken, and must be sustained on the authority of the following cases: Chicago, R. I. & P. Ry. Co. v. Austin, 63 Okla. 169, 163 Pac. 517, L. R. A. 1917D, 666; Chickasha Light, Heat & Power Co. v. Bezdicheck, 33 Okla. 688, 126 Pac. 821; Humphrey et al. v. Hunt, 9 Okla. 196, 59 Pac. 971; Board of Com'rs et al. v. Lemley, 23 Okla. 306, 101 Pac. 109; K. C., M. & O. Ry. Co. v. Williams, 33 Okla. 202, 124 Pac. 63; Ft. S. & W. Ry. Co. v. Wilson, 33 Okla. 280, 124 Pac. 948; Denny v. Ostrander, 33 Okla. 622, 127 Pac. 390; Mann et al. v. Mann, 70 Okla. 30, 172 Pac. 777.

We deem it unnecessary to discuss the question further, as the cases cited are directly in point, and the reasons for the rule are stated in the early case of Humphrey et al. v. Hunt, supra, and Chicago, R. I. & P. Ry. Co. v. Austin, supra.

The act of the 1917 Legislature, found in chapter 219, Session Laws of 1917, abolishing summons in error and providing on whom the case-made may be served and the necessary parties to the petition in error, is not applicable to this case, for the reason that this appeal was filed in this court on the 6th day of July, 1916, long prior to the passage of said act. It was held in Mann et al. v. Mann, supra, that said act was not retrospective. See, also, Buckner et al. v. Walton Trust Co., 67 Okla. 55, 168 Pac. 797; Merriett et al. v. Newton et al., 67 Okla. 150, 169 Pac. 488.

The appeal is therefore dismissed.

HARDY, C. J., and KANE, HARRISON, and OWEN, JJ., concurring.

JOHNSON, J., disqualified and not participating