[No. 26606. Department Two. September 15, 1937.]

CAROLYN BICKELHAUPT *et al., Respondents,* v. INLAND MOTOR FREIGHT, *Appellant,* FRANK BOYD, *Defendant.*[1]

*Ralph S. Pierce, Lehrer & Marquis,* and *James A. Brown,* for appellant.

*Grant S. Bond* and *Judd D. Kimball,* for respondents.

MAIN, J.—These three actions, all of which arose out of the same automobile accident, were consolidated for trial. The defendants were Frank Boyd and the Inland Motor Freight, a corporation, of which Boyd was an employe. Boyd defaulted, and the case was submitted to the jury to assess the damages against Boyd, determine the liability of the other defendant, and, if found liable, assess like damages against it. The jury returned separate verdicts, in each of which damages were assessed against Boyd,

[1]Reported in 71 P. (2d) 403.

but all of the verdicts were silent as to the motor freight.

The plaintiffs in each case moved for a new trial, which was granted. The orders for new trial were based upon a specific ground which was recited therein. From these orders, the Inland Motor Freight, a corporation, appealed.

The appellant is engaged in the business of auto truck freighting throughout the Inland Empire, with its head office in the city of Spokane. It has terminal stations in a number of small towns, one of which is in Pullman, where Frank Boyd was employed, as he says, as manager, though the evidence as to his exact status is not harmonious.

The accident happened Saturday evening, November 9, 1935, at about seven o'clock, on the Inland Empire highway between Colfax and Spokane. The respondents were proceeding south on the highway in an automobile, and Boyd was proceeding north, likewise in an automobile, which struck the car in which the respondents were riding, and this gave rise, as already pointed out, to the three actions for damages.

In submitting the consolidated cases to the jury, the court gave to the jury three forms of verdict for each case. Number 1 was in favor of the respondents and against both Boyd and the appellant. Number 2 was in favor of the respondents and against Boyd alone. This is the form which the jury used. Number 3 was in favor of the appellant, Inland Motor Freight, a corporation, and against the respondents. Attached to each of these three sets of verdicts was a slip of paper on which appeared the following:

"If you use No. 1 do not use No. 2 nor No. 3.
"If you use No. 2 do not use No. 1 nor No. 3.
"If you use No. 3 do not use No. 1 nor No. 2."

The fact that this slip was attached to the forms of verdicts submitted did not come to the attention of counsel for either party until sometime subsequent to the trial.

The question in this case is whether the trial court erred in granting a new trial because of the attached slips. It will be noticed that the slips do not correctly inform the jury as to what they should do. For instance, they were told by the slips that, if the jury used verdict No. 2, which they did use, which was to find against Boyd alone, it should not use No. 3. This prevented the jury, if they had seen fit to do so, from finding a verdict in favor of the appellant, because that verdict was a form favorable to it. Had the jury intended to find against the appellant, as well as assess the damages against Boyd, form No. 1 was the one which they undoubtedly would have used, because that was the verdict which they were told to use if they found against both parties. In using No. 2, and not No. 3, and there being no verdict returned one way or the other with reference to the appellant, it seems reasonably plain that, had the jury not been prevented from using No. 3, if they used No. 2, they would have returned a verdict in favor of the appellant.

Verdicts are to be construed liberally, and, if the intention of the jury can be reasonably ascertained therefrom, effect should be given to that intention. *Wills v. Montfair Gas Coal Co.,* 104 W. Va. 12, 138 S. E. 749; *Godefroy v. Reilly,* 140 Wash. 650, 250 Pac. 59. Where there are two parties defendant in an action and the jury finds a verdict against one and is silent as to the other, such a verdict is treated as a finding in favor of the defendant not named on all the issues, and that defendant is entitled to a judgment that the plaintiff take nothing by the action.

In the case of *Doremus v. Root*, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649, the action was against Root and the railroad company of which Root was a conductor. The negligence which gave rise to the action was solely that of Root. Action was brought against Root and the railroad company. The jury returned a verdict to the effect that they found

" ' . . . for the plaintiff and against the defendant, the Oregon Railroad & Navigation Company, and assess his damages at the sum of $15,100, and the costs of this action.' "

The question was whether the railroad company could be held if Root was exonerated, and this gave rise to what was the effect of the silence of the jury as to Root, and it was there held that, the jury having been silent as to Root, it was equivalent to a verdict in his favor. It was there said:

"It seems to be equally well settled, also, that silence of the verdict as to one of the defendants will not vitiate it as against the others. Such a verdict is treated as a finding in favor of the defendant not named on all of the issues, on which he is entitled to a judgment that plaintiff take nothing by his action. [Citing authorities.]"

The cases of *Nelson v. Bromley*, 55 Wash. 256, 104 Pac. 251, and *O'Brien v. American Casualty Co.*, 58 Wash. 477, 109 Pac. 52, are to the same effect.

In the case of *State v. Davis*, 190 Wash. 164, 67 P. (2d) 894, the defendant was charged by information which contained three counts. The jury acquitted him upon one count and was silent as to the others, and the question was whether he could be tried again upon the two counts upon which the jury were silent. It was there held that he could not, because the silence of the jury as to those counts was equivalent to an acquittal. In that case, it was also pointed out that the fact that the jury were silent as

to two counts did not give rise to an inference that they had disagreed upon those counts; and, if such were the fact, it should have been made to appear affirmatively by the record. It thus appears that this court is definitely committed to the rule already stated and which is supported by the cases cited.

It is true that the authorities in other jurisdictions are divided upon the question here presented, but it is unnecessary to consider these, because, as already stated, this court has adopted the rule that silence as to a defendant is equivalent to a verdict in his favor.

The respondents were in no way prejudiced by reason of the fact that the jury were prevented from using form No. 3, because that was the form that was in favor of the appellant. The question here does not involve one of discretion, but purely one of law, the reason for the granting of the new trials being recited in the orders. As already indicated, it is reasonably plain that, had the jury intended to find against both of the parties, they would have used form No. 1, and, having used form No. 2 and being directed if they used that form not to use No. 3, they naturally remained silent as to the appellant because that form was in its favor.

The respondents in each case were entitled to a judgment against Boyd. As to the appellant, the Inland Motor Freight, the order in each of the three cases granting a new trial will be reversed, and the causes remanded with direction to the superior court to dismiss them.

STEINERT, C. J., BEALS, ROBINSON, and HOLCOMB, JJ., concur.