**Troy RIPPEE, Petitioner,**

v.

**Troy RIPPEE and Leonard Hand, a partnership; Tri-State Insurance Company, and State Industrial Commission of the State of Oklahoma, Respondents.**

No. 36298.

Supreme Court of Oklahoma.

Feb. 8, 1955.

Leonard G. Geb, George P. Moriarty, Ponca City, Claud Briggs, Oklahoma City, for petitioner.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is a proceeding brought by Troy Rippee to review an order of the State Industrial Commission denying him compensation on a claim filed by him against his employer Troy Rippee and Leonard Hand, a partnership, and its insurance carrier, Tri-State Insurance Company, respondents herein.

On the 7th day of March, 1952, petitioner herein filed three separate claims for compensation; one in which he stated his employer was Orsina W. Williams and another in which he stated his employer was Troy Rippee and Leonard Hand, a partnership, and another in which he stated he was employed by both, in each of which claim he stated that on the 19th day of November, 1951, he sustained an accidental personal injury consisting of a coronary occlusion and a severe injury to his chest and as a result thereof he was permanently totally disabled; that the injury occurred while he was engaged in loading steel chutes on a truck.

The trial commissioner at that hearing found that petitioner herein while in the employ of Orsina W. Williams sustained an accidental injury and as a result thereof he was temporarily totally disabled for a period of time therein stated and entered an award against Orsina W. Williams and his insurance carrier accordingly, and dismissed the claim as against Troy Rippee and Leonard Hand, a partnership, for the reason that petitioner was not engaged in a

partnership venture at the time he sustained his injury but was in the employ of Orsina W. Williams.

Mr. Williams brought the case to this court to review the award and made Troy Rippee and Leonard Hand, a partnership, and its insurance carrier parties to the proceeding and served notice of appeal upon them as well as upon petitioner.

This court upon that appeal held the evidence insufficient to show that Orsina W. Williams was petitioner's employer at the time he sustained his injury and vacated the award as against him and his insurance carrier and directed that the claims be dismissed as against them.

Upon receipt of the mandate and on the application of petitioner herein the case was set for further hearing as against respondent herein, Troy Rippee and Leonard Hand, a partnership.

Respondent herein filed an answer to this application in which, after pleading the prior award of the Commission dismissing the case as against it, further alleged that petitioner herein did not appeal from that award and failed to file a cross-petition therein upon the appeal of Williams; that the order dismissing the claim as to it became final and the Commission is without jurisdiction to further hear or try the case as against it.

The case was set for hearing against respondent herein on the first day of July, 1953. At that hearing respondent objected to the jurisdiction of the Commission to hear and try the case on the same ground set forth in its answer. The trial Commissioner reserved his ruling until the close of the evidence at which time he sustained the contention of respondent and entered an order denying compensation which was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this order and relies for its vacation on the ground that it is not supported by the evidence and is contrary to law.

Counsel for petitioner in their brief say that the prior decision of this court entirely vacated the order of the State Industrial Commission and remanded this petitioner's claim for compensation back to the State Industrial Commission for decision; that the Commission then had jurisdiction to proceed against Troy Rippee and Leonard Hand, respondents, and Tri-State Insurance Company, insurance carrier.

This court in its prior decision did not, as stated by petitioner, vacate the order in its entirety and remand the claim to the Commission for further hearing but only vacated the order as against Williams and his insurance carrier with directions that the claim against them be dismissed. Williams v. Rippee, 208 Okl. 206, 254 P.2d 993.

It is the contention of counsel that the award of the Commission at the prior hearing was a joint award as to Williams and his insurance carrier and against Troy Rippee and Leonard Hand, a partnership, respondent herein, and that although petitioner herein on that appeal did not file a cross-appeal against the partnership a vacation of the award as against Williams had the effect as a matter of law of vacating the award as to the partnership and the Commission upon receipt of the mandate had jurisdiction to hear the case anew as against respondent herein, Rippee and Hand, a partnership.

In support of this contention they rely upon the following authorities: Humphrey v. Hunt, 9 Okl. 196, 59 P. 971; Chicago, R. I. & P. R. Co. v. Austin, 63 Okl. 169, 163 P. 517, L.R.A.1917D, 666; Chicago, R. I. & P. R. Co. v. Brooks, 72 Okl. 208, 179 P. 924. In the last cited case we held:

"In an action by plaintiff against defendant railway company and two members of its train crew for the negligent killing of her husband in the operation of one of defendant company's trains, a judgment was rendered for the plaintiff and against the defendant railway company, and in favor of the individual defendants. The defendant railway company appealed to the Supreme Court, naming its codefendants defendants in error, where the cause was reversed and remanded. On the second trial the trial court sustained defendant's objection to the introduc-

tion of any evidence against the railway company's codefendants, said trial resulting in a judgment against the defendant railway company. Held: (1) that on the former appeal the two members of the train crew were proper and necessary parties thereto, and were properly joined as defendants in error; (2) that the judgment rendered at the first trial was a joint judgment, and the Supreme Court obtained jurisdiction to reverse, vacate, or modify the same or direct that such be done by the trial court as to all parties; (3) upon the reversal of said judgment plaintiff was entitled to a new trial as against all the defendants in the action; (4) that the first judgment in favor of the individual defendants was not a bar to a recovery against the railroad company as to the alleged negligence of the individual defendants."

A similar state of facts exists as to the other cases above cited and relied upon by petitioner. The conclusion reached by the Court in the above cases was based on the theory that joint liability existed against all the parties, that the judgment appealed from was a joint judgment; and that where an appeal is taken by the parties against whom judgment was rendered making all defendants, including those not appealing, parties to the appeal and the Supreme Court acquires jurisdiction to vacate, modify or reverse the judgment as to all parties.

We do not think that principle applies to the award here under consideration. There is no theory upon which Williams and respondent herein, Troy Rippee and Leonard Hand, a partnership, could have been held jointly liable at the former hearing. The award did not constitute a joint award but was severable in that the interests of the parties were independent.

The general rule is where less than all of several co-parties appeal from a severable judgment in which the interests of the parties are independent a reversal as to the parties appealing does not necessitate a reversal as to the parties not appealing but the judgment may be affirmed or left undisturbed as to those not appealing, 5

C.J.S., Appeal and Error, § 1920, and cases cited in notes.

Assuming however that it was within the power and jurisdiction of this Court, on the prior appeal, to have vacated the award as against all parties, it did not do so. It simply vacated it against petitioners Williams and his insurance carrier with directions that the claim be dismissed as against them, thus permitting the former order in favor of the partnership, respondent herein, to remain undisturbed. The award then became final and the Commission was without jurisdiction to make any further or different order or award as against respondent in the case. The Commission ruled correctly in so holding and denying compensation.

Order sustained.