**MISSOURI, KANSAS & TEXAS RAILROAD COMPANY, a corporation, Plaintiff in Error,**

v.

**Annabelle STANLEY, Defendant in Error.**

**No. 39351.**

Supreme Court of Oklahoma.

May 29, 1962.

Rehearing Denied June 12, 1962.

Application for Leave to File Second Petition for Rehearing Denied July 3, 1962.

Doerner, Stuart, Moreland, Campbell & Saunders, Tulsa, and W. A. Thie, Denison, Tex., for plaintiff in error.

Charles E. Daniel, Drumright, Farmer & Kerr, Oklahoma City, for defendant in error.

IRWIN, Justice.

Plaintiff, Annabelle Stanley, brought this action against Missouri, Kansas & Texas Railroad Company, G. W. Curtis and Frank Robertson, for damages allegedly sustained by the negligent acts of the defendants, G. W. Curtis and Frank Robertson, while acting as the servants and employees of the railroad company. The cause was tried to a jury and the jury returned a verdict against the railroad company only. The defendants, G. W. Curtis and Frank Robertson were not mentioned in the verdict.

The railroad company filed its Motion for Judgment Notwithstanding the Verdict; Motion for Judgment, and Objection to Entering Judgment. The grounds for these motions were that since the jury

found that the railroad company's co-defendants and employees were not guilty of any acts of negligence, it could not be guilty of any negligence. The plaintiff did not except or object to the verdict as rendered.

These motions were overruled and judgment was entered on the verdict against the railroad company and in favor of the employee-defendants, G. W. Curtis and Frank Robertson.

The railroad company's motion for new trial was overruled and it perfected its appeal. Plaintiff did not file a motion for new trial nor did it cross appeal and the only parties in this appeal are the plaintiff and the defendant railroad company.

Plaintiff states in her brief:

"For this appeal it is sufficient to indicate here that the only acts of negligence alleged or proved were those of the employee-defendants. No independent acts of negligence on the part of the employer-defendant were alleged or proved. The sole basis of the liability of the employer-defendant was under the doctrine of respondeat superior."

Plaintiff also states that, "It is well established in this state that under the doctrine of respondeat superior, if the servant is exonerated the Master cannot be liable". This statement is in line with Chicago R. I. & P. Ry. Co. v. Reinhart, 61 Okl. 72, 160 p. 51, wherein we held:

"Where the negligence complained of is primarily attributable to the agent and the responsibility of the principal is secondary in the sense that the principal has committed no wrong but under the law is accountable for the conduct of his agent, they both may be sued in a single action, but a verdict, exonerating the agent, must necessarily exonerate the principal, for the principal cannot be held responsible for an act of the agent if the agent has committed no tort."

Plaintiff urges that above authorities are not applicable in the case at bar for the reason that the verdict was not an exoneration of the employee-defendants, but merely indicated a failure on the part of the jury to assess damages against the employee-defendants.

It is appropriate at this time to note that plaintiff did not appeal from the judgment exonerating the employee-defendants; that plaintiff does not contend that the trial court did not have jurisdiction to enter the judgment rendered nor that that portion of the judgment which exonerated the employee-defendants from liability is void and that the same is not a final adjudication of plaintiff's rights against the employee-defendants. It is to be further noted that the rights of the plaintiff and the employee-defendants as adjudicated by the final judgment is not before this Court in this appeal, other than in so far as such judgment has a material bearing on the issues between the plaintiff and the railroad company.

Plaintiff states that this is a case of first impression before this court and cites Lloyd v. Boulevard Express, 79 Cal.App. 406, 249 P. 837, wherein an action was brought against Mitchell, an employee, and his employer and the verdict was against the employer only. The Court said:

"* * * It is quite true * * * that, if the Boulevard Express were liable, defendant Mitchell was also liable. But it will be noted in these verdicts that the jury did not find either for or against Mitchell. It is the settled law in this state that the verdict of a jury against one of two defendants is not a verdict in favor of the other defendant. Such a verdict indicates simply that the jury failed to find upon the issues. The defendant Boulevard Express noticed the omission, and did not ask that the jury should be required to find on the issue of neglect as to defendant Mitchell, and hence cannot now be heard to complain. * * *"

In the above case, three cases were consolidated, and in one case judgment was rendered against Mitchell and Boulevard Express; in the other two cases judgment was rendered only against Boulevard Express. The opinion does not state whether Mitchell was completely exonerated in the two cases wherein judgment was entered only against Boulevard Express. In the instant action, the judgment appealed from completely exonerated the two employee-defendants.

The Boulevard Express case was cited with approval in Brokaw v. Black-Foxe Military Institute, 37 Cal.2d 274, 231 P.2d 816, wherein the verdict of the jury was silent as to the liability or negligence of the employee and against the express company. The express company appealed from the judgment against it and in affirming said judgment the court said:

"* * * In this connection, it is said in Irelan-Yuba etc. Min. Co. v. Pacific Gas & Electric, 18 Cal.2d 557, 570, 116 P.2d 611, 619, 'It is well settled that a verdict against one of two defendants but which is silent as to the other defendant is not a verdict in favor of the latter but is merely a failure on the part of the jury to find upon all of the issues.' That has been held to be the rule in many cases. * * *"

It was suggested in that case that the above rule was subject to the qualifications that the verdict must be construed with reference to the pleadings, evidence and instructions. In discussing this suggestion, the court said, "The rule is, however, that the silence as to one defendant stands as no verdict as to him unless the instructions to the jury show a contrary meaning". In that case the instructions and verdict were not part of the record and the court said, "We must presume, therefore, that they were proper, and under the issues so presented, a proper verdict was returned."

In the instant action the jury was instructed (instruction No. 13) that if the employee-defendants were guilty of negligence and that said negligence was the proximate cause of the injury, the verdict should be for plaintiff against the employee-defendants and the railroad company. Another instruction (No. 12) was as follows:

"Should you find from a preponderance of the evidence herein that defendant railroad company was guilty of any acts of negligence alleged in the plaintiffs petition and that said negligence was the proximate cause of the accident resulting injury to the plaintiff, if any, then your verdict should be for the plaintiff and against the defendant railroad company."

Although instruction No. 12 may have been erroneous, if we presume that the jury followed instructions and we certainly have no right to presume otherwise, we must conclude that the jury's verdict was responsive to instruction No. 12, as the verdict was "for the plaintiff and against the defendant railroad company".

This is substantiated by the fact that in instruction No. 13, the verdict should be for the plaintiff *against the employee-defendants and the railroad company* if the jury found that the employee-defendants were guilty of any negligence and said negligence was the proximate cause of the injury.

Although the verdict which was against the railroad company only, may not have specifically exonerated the employee-defendants, such verdict was responsive to the instructions, and the judgment rendered thereon did exonerate the employee-defendants. We therefore have a cause of action predicated on alleged acts of negligence of employee-defendants, and the defendant-employer's liability, if any, is based solely upon the negligent acts of the employee-defendants which are attributable to the employer under the rule of respondeat superior, and a judgment rendered therein against the defendant-employer which exonerates the defendant-employees from liability.

In considering these facts we should be mindful of the distinction between the ordinary action for injuries where all of the defendants allegedly participated in the wrongful act which caused the injury, and an action like the case at bar, where one of the defendants is allegedly liable by operation of law under the rule of respondeat superior.

This distinction is discussed in Doremus v. Root, 23 Wash. 710, 63 P. 572, 54 L.R.A. 649, and the facts in that case are similar to the facts in the case at bar. In the Doremus case, the plaintiff instituted an action against Root and The Oregon Railroad & Navigation Company. Root was conductor on a train of the railroad while the plaintiff was fireman and plaintiff alleged that through the negligence of the defendant-employee Root, he was injured. The sole basis of liability of the employer-defendant railroad was under the doctrine of respondeat superior. In that case, as in the case at bar, the verdict of the jury was against the defendant-employer alone with no mention being made as to the employee-defendant. The verdict was received and filed and a judgment was entered against the defendant-employer, and judgment was also entered in favor of the defendant-employee and against the plaintiff. In that case it was held:

"Where a fireman was injured in a collision owing to a train conductor failing to obey his orders, and he sued the railroad and the conductor jointly, and a verdict was rendered against the railroad company, nothing being said about the conductor, and the court entered judgment in favor of the conductor, it was error to enter judgment against the railroad, since, if the conductor was not negligent, the railroad could not be liable, and the judgment in favor of the conductor operated as an estoppel in favor of the railroad.

"No retrial of the issues between the conductor and plaintiff or between him and the railroad could be ordered on appeal, since, even if the judgment should be regarded as one under Ballinger's Ann.Codes & St. §§ 6500–6521, declaring a judgment may be appealed from in part, there was before the appellate court only the judgment against the railroad; and, the judgment in favor of the conductor being at the most voidable, it could not be reversed, and, operating as an estoppel in favor of the railroad company, the judgment against it should be reversed without retrial."

See also Rosenzweig & Sons v. Jones, 50 Ariz. 302, 72 P.2d 417; Bickelhaupt v. Inland Motor Freight, 191 Wash. 467, 71 P.2d 403; Louisville & N. R. Co. v. Farney, 295 Ky. 8, 172 S.W.2d 656, and Emmons v. Southern Pac. Co., 97 Or. 263, 191 P. 333. The above Arizona and Oregon cases cited with approval the Doremus v. Root case, supra.

In Consolidated Gas Utilities Co. v. Beatie, 167 Okl. 71, 27 P.2d 813, an action was brought against the company upon the principle of respondeat superior, and the company's employee was joined as a co-defendant. The verdict was in favor of the plaintiff against the company and for the defendant employee and the company appealed from the adverse judgment. In the opinion we cited with approval Chicago, R. I. & P. Ry. Co. v. Reinhart, supra, and other cases with reference to the liability of an employer under the rule of respondeat superior, where the alleged acts of negligence are based solely upon the alleged negligence of the employee. In the Consolidated Gas Utilities case, the judgment of the trial court was reversed and remanded with directions to grant a new trial.

In Shell Petroleum Corporation v. Wilson, 178 Okl. 355, 65 P.2d 173, we said:

"It is a well-settled rule of law that where a plaintiff's cause of action is predicated on alleged acts of negligence of a servant, which in turn are attributable to the master under the rule of respondeat superior, and

the servant is exonerated from blame, the employer is likewise exonerated. Consolidated Gas Ut. Co. v. Beatie, 167 Okl. 71, 27 P.(2d) 813, and the Oklahoma cases cited therein."

When the verdict was rendered in the case at bar, such verdict was responsive to the instructions and plaintiff made no objections; plaintiff did not request that the jury be instructed to return a verdict as to the employee-defendants; plaintiff did not object to the construction the court placed on said verdict in its judgment exonerating the employee-defendants, nor did plaintiff file a motion for new trial or cross-appeal; and the judgment exonerating the employee-defendants, although the same may have been voidable, has become final.

In Apache Gas Co. v. Thompson, 177 Okl. 594, 61 P.2d 567, it was contended that the verdict and judgment thereon exonerating the employee necessarily released the employer gas company. In discussing such contention we said:

"However, in this class of cases where the plaintiff has failed to object to the receipt of the verdict or complain of the entry of judgment thereon and has failed upon appeal to file a cross-petition in error, this court has always held that the judgment based upon the verdict against the principal cannot stand. * * *

* * * * * *

"The rule, however, is confined strictly in its application to cases where the sole and only responsibility of the master is under the doctrine of respondeat superior, and by reason of the exclusive negligence of the servant who has been exonerated by the jury. * * *"

In Mid-Continent Pipeline Co. v. Crauthers, (Okl.), 267 P.2d 568, we held:

"Where the master is liable to a third party for the tort of his servant solely by reason of the doctrine of respondeat superior, and no independent or concurring act of negligence by the master is shown, a valid release of the servant from liability for the tort operates to release the master."

 We conclude that where a cause of action is predicated solely on alleged acts of negligence of an employee and the employer's liability, if any, is based solely upon the alleged negligent acts of employee which are attributable to the employer under the rule of respondeat superior, and the employer and employee are sued in a single action, a judgment exonerating the employee which has become final, must necessarily exonerate the employer.

We further conclude and hold that since the plaintiff did not protect herself against that portion of the judgment exonerating the employee-defendants from liability, which has become final, this court can only reverse that portion of the judgment appealed from; that the trial court erred in entering judgment against the defendant railroad company and since the employee-defendants have been exonerated, the defendant railroad company is exonerated.

It is therefore ordered that the cause be remanded to the trial court with directions to vacate that portion of the judgment from which an appeal was perfected and enter judgment in favor of the railroad company.

Judgment reversed and remanded with directions.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY, JOHNSON and JACKSON, JJ., concur.

BLACKBIRD, V. C. J., and BERRY, J., dissent.

BLACKBIRD, Vice Chief Justice (dissenting).

I cannot concur in the majority opinion. It recognizes the proper rule governing the interpretation or construction of verdicts, but applies it incorrectly, with the result that an injustice is done. That rule, as stated in the California Case of Brokaw v.

Black-Foxe Military Institute, cited therein, is reflected in the following excerpt from that Court's opinion:

"It may occur, as it did here, that in an action against several defendants, including a master and his servant, the jury may return a verdict against the master and remain silent as to the servant. In such a case the failure to find as to the servant *is not an exoneration of him,* thus relieving the master of liability where the cause of action is based upon the doctrine of respondeat superior. It is merely an *incomplete verdict* in that it fails to dispose of the liability of all of the parties defendant. * * *." (Emphasis mine).

As intimated in the majority opinion, the quoted case recognizes that uncertainty in a verdict may be resolved by the pleadings, evidence and instructions in a given case, but the Majority upholds what I consider to be an unfounded and extra-judicial interpretation of the verdict in this case, based on its view that the verdict was "responsive" to two instructions (numbered 12 and 13), one of which it says may have been erroneous. To me it is reasonable to assume that the jury thought, upon reading instruction No. 12, that even though they believed and determined in their own minds, that the acts of negligence described in plaintiff's petition occurred, and that all of such acts were the acts of the employee-defendants, as alleged in said petition and shown by the evidence, they decided it was not necessary, because of said instruction, to go on record as so finding, in order to return a proper verdict against the defendant corporation. In view of the evidence, the verdict in question could have been arrived at *only* after a finding that one or both of the employee-defendants were negligent, because that was the *only* negligence *alleged and proved.* There was not an iota of evidence introduced from which any reasonable and legally-cognizable inference could have been drawn that the

defendant corporation was guilty of any negligence, aside from, and independent of, the acts of the defendant employees. In view of the foregoing, the rule of construction which the Majority attempts to apply to the verdict in this case *cannot be exactly* applied, and therefore, under the California cases, and the better-reasoned decisions, such should not be attempted. This is borne out by the opinion of the California Supreme Court in Irelan-Yuba Gold Quartz Min. Co. v. Pacific G. & Elec. Co., 18 Cal.2d 557, 116 P.2d 611, pp. 619–620, in which it was said:

" * * * As stated in the case of Keller v. Smith, 130 Cal.App. 128, 132, 19 P.2d 541, 543, in passing upon a similar situation: 'The rule of construction suggested in the case of Crain v. Sumida [supra], *could not be exactly* applied here, since nowhere did the jury in this case express any finding in favor of the petitioners. To hold that they so found requires an inference that they intended to do something they have not expressly done. *Even though the court instructed the jury that it might find against one and at the same time in favor of the other defendants,* while such an instruction strengthens the inference suggested, it is by no means conclusive in the absence of some expression showing the intention of the jury. *There is a wide difference between drawing the only possible conclusion, where there is an expressed finding against one defendant and another in favor of the only other defendant* although the name of the other is not inserted, and drawing an inference, *probable though it may be, as to the intention of a jury in regard to a matter that has been entirely omitted from its verdict.*

* * * * * *

" 'In this particular case *an inference or presumption could be drawn either way.* While it may be true that the greater probability lies with the view

that this jury intended to find in favor of these petitioners, if the question of the intention of the jury could be left to inference or presumption, the established rule seems to be that the intention of the jury must not be left to inference or presumption, that it must be expressly declared, and that where it is not expressly declared in reference to any one of several defendants who have separately answered, *it must be taken that the jury has failed to pass upon that particular issue.'*"

\* \* \* \* \* \*

"If all the issues are not determined by the verdict, but no objection is made thereto, then the verdict stands as to the issues included therein, but as to the remaining issues the matter is set at large and *further proceedings should be had in the trial court* to adjudicate those issues. \* \* \*." (Emphasis mine).

In the present case, since the Majority recognizes error in the court's only instruction, under which the jury might have reached its verdict, and, quite properly, there was no instruction specifically informing the jury that it might find for the employee-defendants, while, at the same time, finding against the corporation defendant (as there was in Keller v. Smith, supra), to give any basis for construing the questioned verdict, as such a finding, how can we assume that such was what the jury intended, especially since such an assumption would be squarely opposed to both the pleadings and the evidence? This question, in my opinion, can only be answered in the negative. We must assume that the jury did its duty, *as it was informed of it;* and I am sure that it did. But, here, it was never informed that it must return a verdict against the employee-defendants in order to hold against the corporation defendant; nor was it told that omitting the employee defendants from its verdict, might, in the view of legal theorists, be regarded as exonerating them. Under the

particular circumstances of this case, I do not see how, in the interest of justice, we can do anything but apply the rule for construing verdicts, in the manner indicated above. This will obviate speculation, prevent injustice, and enable a search for the truth. I think the author of the annotation beginning at 56 A.L.R.2d 213, states, in brief, the proper view of amending verdicts, when he says: (p. 220)

"While the practice of amending verdicts in matters of form is one of long standing, based on principles of the soundest public policy in the furtherance of justice, it is strictly limited to cases where the jury *have expressed their meaning* in an informal manner. *The court has no power to supply substantial omissions,* and the amendment in all cases must be such as to make the verdict conform to the real intent of the jury. The judge cannot, under the guise of amending the verdict, invade the province of the jury or substitute his verdict for theirs. After the amendment the verdict must be not what the judge thinks it ought to have been, but what the jury intended it to be. Their actual intent, and *not his notion of what they ought to have intended,* is the thing to be expressed and worked out by the amendment." (Emphasis mine).

In Smith v. Eagle Mfg. Co., 25 Okl. 404, 108 P. 626, 627, it was said:

"The court should have ordered judgment entered in conformity with the verdict. 'A judgment must be supported by the verdict or findings in the case, and a judgment which goes beyond the verdict is erroneous. There is no principle of law more firmly established than that the judgment must follow and conform to the verdict or findings.'"

As the trial court's judgment went beyond the verdict, in purporting to exonerate the employee-defendants, and, in this respect, was in excess of said court's jurisdiction,

said judgment can only be vacated. (In this connection, notice the dissenting opinion of Chief Justice McAlister in Rosenzweig & Sons v. Jones, 50 Ariz. 302, 72 P.2d 417, 422, 423). For this reason, the trial court should have sustained the employer-defendant's motion for a new trial. As the judgment was joint and not severable, nothing but a new trial, as to *all* the parties, could erase the error, even though the employer-defendant is the only party that has appealed from it (and said defendant, by withholding any complaint about the void aspect of said judgment, apparently recognizes that such a complaint would be incompatible with the legal doctrine, or theory, upon which it seeks reversal). To approach the point from a little different angle—since the court, in the majority opinion, has recognized (by the respondeat superior rule applied) that the liability of the defendant corporation is dependent upon a determination (which in this case can only be made by the trier of facts, the jury) as to the liability, if any, of the employee-defendants—a subject upon which there is *no express* statement from any jury—this cause must be remanded for a new trial as to all parties.

One of the Majority's conclusions is that, since plaintiff did not "protect herself" by cross-appeal from that "portion" of the trial court's judgment exonerating the employee-defendants from liability, that part has become final, and therefore this appellate court can only reverse the other "portion" of said judgment—the part against the defendant railroad company, the only appellant. This conclusion is erroneous. As above indicated, the judgment was a joint, and non-severable one, and cannot be seperated into portions, or parts. For a case dealing with joint *and several* judgments and distinguishing between them, and those of a joint *and inseverable* nature, see Davis v. Mimey, 60 Okl. 244, 159 P. 1112; L.R.A.1917A, 187. In the cited case, the court "puts its finger" on the characteristic of the appealed judgment, which the majority opinion has specifically recognized,

and used, in wiping out plaintiff's recovery against the employer-defendant, *but has failed to follow through with, in its decretal part.* There (in Davis v. Mimey) this court quoted from Hamilton v. Prescott, 73 Tex. 565, 11 S.W. 548, in part, as follows:

"'* * * where the rights of one party are dependent in any manner upon those of another, it (this court) will treat the judgment as an entirety, and where a reversal is required as to one it will reverse the judgment as a whole.' (Citing cases)."

See also 143 A.L.R. 7, 39. In the present case, I agree with the Majority that (under the respondeat superior rule) plaintiff's right to recovery against the employer-defendant was dependent upon her right to recovery against the employee-defendants, but I say that, this being true, all we can do is to reverse the judgment, as a whole, or entirety, and remand the case for a new trial. We cannot; and should not, wipe out plaintiff's judgment against the employer-defendant on the legalistic theory of its dependency upon her recovery against the employee-defendants, without giving her an enlightened opportunity to obtain specific expression from the jury as to her rights against those same employee-defendants. By "enlightened opportunity" I mean a new trial, at which—not just she, and her attorneys—but more importantly—the jury —will be informed and understand, that she cannot recover against the railroad, or employer-defendant, without also recovering against its employee, or employees, whose negligence, if any, caused the accident. This is the only disposition of this appeal that will insure complete and certain justice, and discover the whole truth. Such procedure would follow Oklahoma precedent (instead of the Washington Case of Doremus v. Root, cited in the Majority), and the modern trend of decisions in other states, as the only way to do *complete and certain* justice under circumstances like those existing in this case. See Consolidated Gas Utilities Co. v. Beatie, 167 Okl. 71, 27 P.2d 813, and other cases cited, and dis-

cussed in the Annotation beginning at 16 A.L.R.2d 969. Notice also Ralston Purina Co. v. Kennedy (Springfield Ct. of Appeals, Mo.), 347 S.W.2d 462, 467, and the authorities cited at 5B C.J.S. Appeal & Error § 1915, p. 406, Note 83, and 3 Am.Jur., p. 697, Note 8. There is a statutory reason for a difference between Washington and Oklahoma in disposing of appeals like this. See Shreeder v. Davis, 43 Wash. 129, 86 P. 198, and the Annotation at 143 A.L.R. 7, 20ff. In Scott v. Amis, 136 Okl. 72, 276 P. 215, it was said:

"* * *: First. Is the Devonian Oil Company a necessary party to this appeal? * * *

"The first proposition is answered affirmatively in a number of cases decided by this court as follows: Humphrey v. Hunt, 9 Okl. 196, 59 P. 971; Kansas City, M. & O. R. Co. v. Williams, 33 Okl. 202, 124 P. 63; Ft. Smith & W. R. Co. v. Wilson, 33 Okl. 280, 124 P. 948; Denny v. Ostrander, 33 Okl. 622, 127 P. 390; Chickasha Light, Heat & Power Co. v. Bezdicheck, 33 Okl. 688, 126 P. 821; Gwinnup v. Griffins, 34 Okl. 117, 124 P. 1091; C. R. I. & P. R. Co. v. Austin, 63 Okl. 169, 163 P. 517, L.R.A.1917D, 666; City of Lawton v. Burnett, 72 Okl. 205, 179 P. 752.

"In the case of City of Lawton v. Burnett, supra, this court announced the following rule: '* * * One whose rights may be affected by a reversal or modification of a judgment appealed from is a necessary party in the appellate court.'

"In the case of C., R. I. & P. R. Co. v. Austin, supra, the court announced the rule as follows: 'Plaintiff brought suit against defendant railway company and members of its train crew for damages for personal injuries alleged to have been received because of negligence in the operation of one of defendant company's trains by the individual defendants composing the train crew. Judgment was rendered for plaintiff and against defendant company and in favor of the individual defendants. The defendant railway company appealed to the Supreme Court, * * *. The judgment was reversed, and the cause remanded, with directions to the trial court to grant plaintiff a new trial as to all defendants. After remand plaintiff dismissed as to all defendants except the railway company and the conductor. A second trial resulted in judgment for plaintiff against both defendants, who join in the present appeal and plead the judgment at the first trial in favor of the conductor as a bar to plaintiff's right to recovery. Held: * * *; (2) that the judgment rendered at the first trial was a joint judgment and the Supreme Court obtained jurisdiction to reverse, vacate, or modify the same or direct that such be done by the trial court as to all parties; (3) upon the reversal of said judgment plaintiff was entitled to a new trial as against all the defendants in the action.'

"In that case at the former trial the court sustained a demurrer to the evidence as to the defendants composing the train crew, and in each of the cases cited above the judgment was rendered in favor of the plaintiff as against some of the defendants and in favor of others, and in each case this court held that the defendant in whose favor judgment was rendered was a necessary party to the appeal, and the reasons given therein are applicable to the facts in this case, and present a reason why the defendant Devonian Oil Company is a necessary party to this cause on appeal. The judgment rendered in this case being a joint judgment, reversal of the cause and the granting of a new trial would reopen the entire judgment and require the defendant Devonian Oil Company to again defend.

"In the case of Wade v. Hope & Killingsworth, 65 Okl. 69, 162 P. 742, this court announced the following

rule: 'The reversal of a joint judgment on appeal by one of the defendants against whom such judgment has been duly rendered *of necessity opens up such joint judgment which otherwise, as to them, would become final by the failure of such parties to appeal,* or by a failure on the part of those appealing to duly and properly bring such parties into the appellate proceedings.' * * *" (Emphasis mine).

Notice also Chicago, R. I. & P. Ry. Co. v. Brooks, 72 Okl. 208, 179 P. 924, 927. Many years ago, this Court indicated that in this jurisdiction the Washington case of Doremus v. Root (cited by the Majority) was not to be followed in such procedural matters as are involved in the manner of finally disposing of a case of this character. In City of Tulsa v. Copp, 127 Okl. 128, 260 P. 16, 17, 18, this Court said:

"Under this head the defendant urges and says that, since this court in the former appeal in this cause held, in view of the pleadings and evidence, that there was no liability upon the defendant except that as respondeat superior, and that since the verdict and judgment in the first trial was for the contractors, then there was no liability on the city, and that when the cause was reversed the trial court should have dismissed the action of the plaintiff, and in support of such contentions cites a number of decisions from this court and others, among such being the case of Doremus v. Root, 23 Wash. 710, 63 P. 572, 54 L.R.A. 649, which opinion would sustain the contention of the defendant here *were it not for the fact that this court has heretofore held contrary to the Washington court* as to necessary parties to an appeal.

* * * * * *

"It is asserted in brief of plaintiff, defendant in error here, that when this cause, the case at bar, was before this court on the former appeal, the question was raised on such appeal as to whether the contractors, Comstock & Hansen, defendants originally, were parties in such appeal, and that it was asserted by the defendant, plaintiff in error, in response to a motion to dismiss such appeal for want of proper parties, that the contractors were parties to the appeal. Such issue does not appear to have been mentioned in the former opinion, but it appears that the contractors were necessary parties in such appeal under the holding of this court in the following cases: Humphrey et al. v. Hunt, 9 Okl. 196, 59 P. 971; Chickasha L. H. & P. Co. v. Bezdicheck, 33 Okl. 688, 126 P. 821; C., R. I. & P. Ry. Co. v. Austin, 63 Okl. 169, 163 P. 517, L.R.A.1917D, 666, and from a reading of the opinion in the former appeal it appears the *court considered that the defendants, the contractors, were parties to such appeal,* and that *it was within its power and jurisdiction to set aside and that it did set aside the judgment of the trial court in its entirety,* both as to the city and as to the contractors." (Emphasis mine).

Notice also 3 Am.Jur., "Appeal and Error", secs. 1185, 1187, 1190, and the 1961 Cumulative Supplement thereto at page 162.

In this case, we should follow the foregoing authorities, or should explain why not. (See Rippee v. Rippee, Okl., 279 P.2d 944, for example).

Because, in accord with the foregoing, I think the Honorable Trial Judge erred in rendering judgment for the two employee-defendants, without an expression from the jury (trier of facts) as to their liability, and because I think this error can properly, and in justice to all, be cured only by ordering reversal of the only ruling directly appealed from (viz., the trial court's overruling of the motion for a new trial filed by the railroad company appellant, or employer-defendant) I respectfully dissent. Such reversal would sustain, instead of overruling, said defendant's motion, with the result that a new trial of the cause would be ordered, rather than directing the trial court to

vacate only part of an inseverable judgment, and to convert the previous judgment for plaintiff into a judgment for all defendants, as the Majority has erroneously assumed the prerogative of doing.

I am authorized to state that BERRY, J., concurs in the foregoing views

Rehearing denied; BLACKBIRD, V. C. J. and BERRY, J., dissent.