PEARSON, TILLMAN, Judge.
The plaintiffs, husband and wife, brought an action for personal injuries arising out of an automobile accident. The evidence reveals a basis for a finding of contributory negligence on part of the plaintiff-husband, the driver of the automobile in which he and his wife were riding when they were injured. Without objection of counsel, three forms of verdict were given to the jury: (1) for the plaintiff-wife; (2) for the plaintiff-husband, and (3) for the defendant. The jury returned with a verdict for the plaintiff-husband, and they were advised by the judge that such a verdict was improper because a finding for the husband required a verdict for the wife. In further instructing the jury, the court stated, “You could return a verdict under the charge for the wife and not for the husband, but if you returned a verdict for the husband, you must return a verdict for the wife.” No objection was voiced to this charge.
The court further repeated its entire instruction upon the effect of a finding of contributory negligence oh the part of the husband. The jury then retired and returned a verdict for the wife alone. No verdict as to the husband was returned. The court ■ entered judgment for the wife on her claim and for the defendant on the husband’s claim. A motion for a new trial on behalf of both plaintiffs was denied and this appeal, followed.
*845 The law of this State is well settled that when the intent of the jury is apparent, their verdict will be sufficient to sustain a judgment entered in conformity with the intent of the verdict. See Marianna Mfg. Co. v. Boone, 55 Fla. 289, 45 So. 754; Higbee v. Dorigo, Fla.1953, 66 So.2d 684.
Similarly, it has been held that where there are two parties defendant in an action and the jury finds a verdict against one and is silent as to the other, such a verdict will be treated as a finding in favor of the defendant not named. Bickelhaupt v. Inland Motor Freight, 191 Wash. 467, 71 P.2d 403 (1937).
We hold that under the circumstances of this case, the trial court correctly held that the verdict for the plaintiff-wife and the refusal to enter a verdict for the plaintiff-husband was a finding for the defendant upon the husband's claim.
Affirmed.